John GALVAN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18385.

United States Court of Appeals Ninth Circuit.

June 6, 1963.

Rehearing Denied Aug. 26, 1963.

---

Patrick Coleman, Hollywood, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section, and Phillip W. Johnson, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS and KOELSCH, Circuit Judges, and MacBRIDE, District Judge.

CHAMBERS, Circuit Judge.

Galvan has been convicted of "knowingly and unlawfully receiving, concealing and facilitating the concealment" of a bag of heroin and assaulting a narcotics officer with a deadly and dangerous weapon, to wit: a Cadillac automobile.

■■ As to the assault with a Cadillac, there is little doubt that the officer had to move very quickly and that the car would have "run him down" if he hadn't jumped. The jury could have thought Galvan was scared by the shotgun in the officer's hands when he approached. But it did not have to do so. It could accept the officer's story. We have *no trouble with this count.*

As to the first count on the narcotics, the government has no evidence to spare, but we deem it enough. After the approach by Officer Olexa, with other officers in the area where the arrest was made, Galvan accelerated his car. As he fled, Officer Olexa fired shots into the Cadillac's tires. Galvan drove the car on through stop signs, dodged an attempted road block, knocked a garbage can over and bounced around over lawns of nearby residences. He and the car came to rest on Mrs. McCrea's lawn. Galvan was arrested immediately. The date was April 12, 1962. No narcotics were found that evening, although a search was promptly made of the scene. The next morning Mr. McCrea found a bag of heroin at one of the front corners of his house. The McCreas thought, however, the contents were marshmallows. The heroin went into the garbage, the container into a trash can. The heroin was thereafter pulled out of the garbage truck by the officers. It is not questioned that the heroin in the garbage was the same stuff as found at the corner of the McCrea house.

■■ The jury was entitled to conclude that the circumstances were reliable and to believe that Galvan tossed the package out in his wild flight the night before. The package was found about nine feet from the nearest track of Galvan's car. It was between a bush and a hydrant. Had the package been out in the open, it is likely it would have been soon discovered. Possibility of error always exists, but a full statement of the facts would lead the average person to think there was not much. (There was

evidence in the record which justified the inference that Galvan might have had heroin in his car as he fled.)

In the foregoing narrative we have related what we regard as a skeleton of the facts that override appellant's specifications as to sufficiency of the evidence. We have examined two other specifications, which we find without merit.

The judgment is affirmed.