STATE OF NORTH CAROLINA v. CHANCY JUNIOR SAWYER

No. 752SC750

(Filed 4 February 1976)

**Assault and Battery § 14— simple assault — attempt to run vehicle off road**

The State's evidence was sufficient to support defendant's conviction for simple assault under either the common law rule or the "show of violence" rule where it tended to show that defendant repeatedly pulled his car alongside the truck in which the victims were riding while both vehicles were traveling at high rates of speed and attempted to run the victims' truck off the road, and that the victims were "scared" while defendant chased them.

APPEAL by defendant from *Lanier, Judge.* Judgment entered 22 May 1975 in Superior Court, HYDE County. Heard in the Court of Appeals 16 January 1976.

The defendant, Chancy Junior Sawyer, was charged in separate warrants, proper in form, with assault with a deadly weapon on Ricky Sexton and Buddy Williams. The defendant was tried in Superior Court before a jury and was found guilty in each case of simple assault. From judgments imposing a prison sentence of thirty days in each case, suspended on condition the defendant pay a fine of $25.00 and costs, he appealed.

*Attorney General Edmisten by Associate Attorney William H. Guy for the State.*

*G. Irvin Aldridge for defendant appellant.*

HEDRICK, Judge.

The defendant assigns as error the failure of the trial court to grant his motion for judgment as of nonsuit made at the close of the State's evidence and at the close of all the evidence. The evidence when considered in the light most favorable to the State tends to show the following.

Ricky Sexton, Buddy Williams, and George Sawyer were riding around in Sexton's truck at about 8:30 p.m. on 10 December 1974. Soon after passing the defendant's house, they stopped to turn around and noticed the headlights of an automobile approaching. They headed up River Shore Road in Hyde County, near Sladesville, North Carolina; and the car that they had seen began following them. When the car came up on Sexton's bumper, they recognized the defendant as the driver. Sexton speeded up, but Sawyer pulled up beside him and "started to swerve right back into" Sexton's truck. Sexton "ran off the road a little bit and continued to speed up to get away from him." The defendant repeated the maneuver three or four times as both vehicles traveled at speeds up to eighty miles per hour. Finally, as the road narrowed and the pavement ended, Sexton applied the brakes and skidded onto the dirt portion of the road. Sawyer drove past him, and Sexton proceeded back up River Shore Road toward Deputy Sheriff Carrowan's house, eight to ten miles away. The defendant began following him again, "on his bumper." As both vehicles were traveling at a high rate of speed, the defendant repeatedly pulled alongside Sexton and tried to run him off the road. Sexton and Williams

both testified that while Sawyer chased them they were "scared."

Prior to 10 December, the defendant had warned Sexton not to drive up the River Shore Road. The defendant was care-taker for a hunting club which leased some of the land fronting the road. On 9 December, the defendant had stopped Sexton, Williams, and George Sawyer in a field along the road. Sexton claimed the land was not leased to the hunting club and that he had permission to hunt on it. Sexton quoted the defendant as saying: "Well, the next time I catch you up here I'm going to beat your eyes out of the back of your head."

A criminal assault may be committed with an automobile. *State v. Eason*, 242 N.C. 59, 86 S.E. 2d 774 (1955); *State v. Agnew*, 202 N.C. 755, 164 S.E. 578 (1932). Under the common law, the test for simple assault requires an overt act or an attempt with force and violence to do some immediate physical injury to the person of another. More recently, in some cases of assault, North Carolina has adopted as an alternative the "show of violence" rule which requires a reasonable apprehension on the part of the assailed witness of immediate bodily harm or injury which caused him to engage in a course of conduct he would not have otherwise followed. In this case, under either rule, the evidence is sufficient to require submission of the case to the jury. Although the defendant testified that he only tried to pass Sexton's truck, that he never tried to run Sexton off the road, and that it was Sexton who tried to run him off the road, the evidence presented a factual question for the jury. These assignments of error are overruled.

The defendant contends finally that the court committed prejudicial error in sustaining the State's objection to a question asked Deputy Sheriff Carrowan on cross-examination intended to show the bias of the State's witness. Regardless of whether the question as asked was objectionable, there is nothing in the record to indicate what the answer would have been had the witness been allowed to answer. From the record as presented, we are unable to determine that any prejudice resulted from the court's ruling. This assignment of error is overruled.

We conclude the defendant had a fair trial free from prejudicial error.

No error.

Judges PARKER and ARNOLD concur.