**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Mark YARDLEY, Defendant-Appellant.**

**No. 12238.**

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 8, 1982.

John R. Miller, Lamar, for defendant-appellant.

Gary Ratzlaff, Pros. Atty., Lamar, for plaintiff-respondent.

MAUS, Chief Judge.

The information in this case charged the defendant, in violation of § 565.070, RSMo 1978, committed the class A misdemeanor of assault in the third degree by recklessly creating a grave risk of death to four named persons by attempting to run over them with his automobile. The case was tried to the court. The defendant was found guilty and sentenced to 30 days in the county jail. By his sole point on appeal the defendant challenges the sufficiency of the evidence to establish an intent to harm or general malevolence or recklessness.

█ The conviction by the circuit court has "the force and effect of the verdict of a jury". Crim.Rule 27.01(b); Mo.Const. art. 1, § 22(a). In considering the evidence, this court must accept as true all evidence and all inferences reasonably drawn therefrom which are favorable to the conviction and disregard all evidence to the contrary. *State v. Turnbough*, 604 S.W.2d 742 (Mo. App.1980). So viewed, the evidence may be summarized as follows.

Highway 160 runs east and west through Golden City. In the area in question, it is intersected by at least two north and south streets. These streets are Mill Street and an unidentified street one block west of Mill Street. There was a shoulder on the south side of the highway approximately two feet in width. South of the shoulder there was a ditch. The ditch apparently had very gently sloping banks, with the south bank being considerably higher than the highway. A church was located south of the ditch. The community ballpark was located two or three blocks east of the intersection of Highway 160 and Mill Street.

The incident in question occurred on August 23, 1980, at approximately 8:00 p.m. It was not fully dark, although the automobiles had their headlights on. There were street lights in the vicinity. Three boys and a girl, ages 11 to 12 years, crossed Highway 160 at its intersection with Mill Street. They intended to walk along the south side of the highway to the ballpark. While crossing the road, these young people saw the defendant's automobile approaching Highway 160 from the north on the unidentified street a block west of Mill Street. They knew the defendant and recognized the car and for that reason watched it as it approached them. The defendant drove slowly east on Highway 160 and after pass-

ing the intersection of Mill Street turned from the highway toward the ditch and the young people. As described by one of the witnesses, "it came slow our way and then it got up to the intersection of Mill Street and 160 and it was still proceeding slow and then it eased off onto the shoulder and started proceeding up the embankment of the ditch". It accelerated going up the embankment and the ditch. It traveled approximately 150 feet with at least one wheel off of the blacktop. It then turned back onto the highway and "peeled out and went towards town". At one point the right wheels of the defendant's automobile were 14 feet south of the highway. The young people ran to the church yard as the defendant's automobile approached. Three of them easily made it. However, the automobile came within two feet of the boy who had been on the shoulder.

On the other hand, the defendant testified he turned onto Highway 160 from Mill Street, rather than the street one block west. He said that as he turned, he got off the highway a little, "approximately maybe a foot". He drove one block east and turned toward town. He saw no one in the area. A passenger, who considered himself half intoxicated, also said there was a wide turn at Mill Street. The passenger saw two or three children in the church yard.

In advancing his contention, the defendant recites his version of the facts and concludes "that in fact he had no knowledge of their presence, and that his acts in making his left turn onto the highway were in no way demonstrative or evidence of general malevolence, recklessness, nor intent on his part to harm to [sic] the prosecuting witnesses". In response the state devotes much of its brief to contending that assault in the third degree can be "recklessly" committed citing § 565.070.1(4) and emphasizing § 562.021.3. However, the case need not be decided on that basis. The information charged the defendant attempted to run over the young people. The trial court, upon finding the defendant guilty, stated "that he (the defendant) knowingly made an attempt to run over the children by his actions".

■ Section 565.070.1(1) in part provides a person commits assault in the third degree if he attempts to cause physical injury to another person. Section 565.070.1(4) provides a person commits the crime of assault in the third degree if he recklessly engages in conduct which creates a grave risk of death or serious physical injury to another person. The mental state of "recklessness" is "also established if a person acts purposely or knowingly". § 562.021.3. Cases of assault involving an automobile in some jurisdictions are prosecuted upon the basis intent may be implied from culpable or criminal negligence. See *Harmon v. State*, 260 Ark. 665, 543 S.W.2d 43 (1976); *State v. Coffey*, 43 N.C.App. 541, 259 S.E.2d 356 (1979) and *State v. Johnson*, 541 S.W.2d 417 (Tenn.1976). However, it is clear that a defendant can actually intend to commit an assault (or battery) by the use of an automobile. *State v. Garner*, 360 Mo. 50, 226 S.W.2d 604 (1950); *Kelley v. State*, 362 So.2d 1292 (Ala.Cr.App.1978); *State v. Sawyer*, 28 N.C.App. 490, 221 S.E.2d 518 (1976); Annot., Murder—Homicide by Automobile, 21 A.L.R.3d 116, § 12 (1968). In such circumstances, an automobile may be found to be a deadly weapon. *State v. Garner*, supra; *State v. Reim*, 26 Ariz.App. 528, 549 P.2d 1046 (1976); Annot., Automobile as Dangerous or Deadly Weapon, 89 A.L.R.3d 1026 (1979).

■ The finding of the trial court cannot be sustained unless there is evidence of the defendant's intent to hit the young people with his automobile. The defendant argues there was no evidence of ill will on his part and no direct evidence of such intent. Whether the defendant acted as the result of some undisclosed reason or from a spirit of frivolity or mischief relates to his motive. The state is not required to establish his motive.

It is true that the record does not disclose any motive for the 'tailgating' or chasing of the Bullion automobile by the defendant but ordinary human experience teaches that such things do happen. Moreover, while it is always enlightening

to know the motive of one who commits a homicide, proof of motive is not essential to conviction of murder. *State v. Johnson,* supra, 541 S.W.2d at p. 423.

Also see *State v. Selman,* 433 S.W.2d 572 (Mo.1968). Nor is the absence of direct evidence of the intent of the defendant decisive. "The intent with which certain acts are done may be found, and frequently can only be found, from the attendant circumstances and must ordinarily be inferred from the facts." *State v. Whitaker,* 275 S.W.2d 316, 319 (Mo.1955).

■ From the evidence the trial court could have found the defendant approached the scene with his automobile under control and there was no reason for his automobile to follow the path it did except in an attempt to strike the young people. The actions of the defendant in "peeling out" and leaving the scene belie his innocence. The same is true of his explanation of a wide turn from Mill Street, going off the highway perhaps one foot when his automobile traveled off the highway for some distance and reached a point fourteen feet south of the highway. The actions of the young people in watching the automobile and running from its path to the church yard is not without significance. The evidence is sufficient to establish the defendant's intent. Compare *Galvan v. United States,* 318 F.2d 711 (9th Cir. 1963); *State v. Balderrama,* 97 Ariz. 134, 397 P.2d 632 (1964). The judgment is affirmed.

All concur.