STATE of Missouri, Respondent,

v.

John Wade SISLER, Appellant.

No. 45563.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 17, 1983.

Motion For Rehearing and/or Transfer Denied July 6, 1983.

William Shaw, Public Defender, T. Patrick Deaton, Asst. Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

REINHARD, Judge.

Defendant was convicted in a court-tried case of rape, a violation of § 566.030, RSMo. 1978, and third degree assault, a violation of § 565.070, RSMo. 1978. He was acquitted of a charge of sodomy. He was sentenced to 12 years for the rape conviction and a consecutive one year term for the assault conviction. We affirm.

Defendant does not challenge the sufficiency of the evidence. On the evening of July 28, 1980, the victim, age 15, her boyfriend, Jeff, and two friends, Holli and Susan, left a party in west St. Louis County and drove to a grocery store to buy beer. After they left the store, they stopped on the shoulder of Old State Road. Defendant, age 20, and four of his friends, stopped their van to see if anyone needed assistance. The two groups talked to each other and became friendly. Eventually, the victim and her friends followed the defendant and his friends to a horse farm off Wild Horse Creek Road. They parked there, drank beer and talked. After awhile, the victim walked off from the group and defendant followed. Before they walked far, Jeff, Holli and Susan caught up with the two in Jeff's car and asked the victim to get inside. Defendant stated he was going to show her some horses and she remained with him. The victim testified that she and defendant then walked through a field where defendant forced her to the ground, removed her clothes and had intercourse with her. She testified she screamed two or three times until defendant threatened to "break [her] jaw" and "bust [her] teeth in."

The victim ran crying back to Jeff's car. Jeff and the defendant exchanged words and defendant punched Jeff three or four times. Jeff then drove the victim to the police station and then to a hospital.

Defendant testified in his own behalf and stated the intercourse was consensual.

In his lone point on appeal, defendant contends the trial court committed error in admitting evidence of statements made by the defendant because the state did not establish defendant's statements were made after a knowing, voluntary waiver of his *Miranda* rights.

Detective Nancy Hightshoe testified that she was present at a lineup at which time defendant stated, "[t]hat some girl was charging him with rape, and it was a bum rap; it wasn't me; it wasn't me." She then testified she told him, "Your four friends in the green van seem to think it was you." He replied, "It wasn't me. What van? What friends?" Defense counsel made only a hearsay objection to this testimony.

Before the detective testified, defense counsel stated, "The defense anticipates this officer is going to testify, at least at one point ... to a statement or some remarks made by the defendant and I would ask the Court to take those remarks, subject to our oral motion to suppress, and evaluate his constitutional rights."

Defendant contends that the prosecution may not use statements, whether exculpatory or inculpatory, stemming from interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination, citing *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). He further argues the state did not present any evidence that defendant knowingly and voluntary waived his rights before making the statements.

Failure to affirmatively establish that defendant's statement was voluntary does not entail a complete prohibition against its use. *State v. Patton,* 599 S.W.2d 929 (Mo.App.1979). In order to preserve a challenge to the voluntariness of a confession or statement, defendant must timely object to its voluntariness when the statement is offered at trial. *State v. Wade,* 535

S.W.2d 492, 495 (Mo.App.1976). Defendant's hearsay objection to the police officer's testimony preserved nothing for review. *State v. Patton,* 599 S.W.2d 929 (Mo. App.1979).

 Moreover, even had defendant properly preserved this matter for review, any error would have been harmless. *State v. Roper,* 591 S.W.2d 58 (Mo.App.1979). This was a court-tried case and the same strictness as to the admission of evidence is not applied as in cases tried before a jury. When a case is tried to the court without a jury, the rules of exclusion of evidence are less strictly enforced; the assumption being that the court will not be confused or misled by irrelevant or inclusive evidence. *State v. Roper,* 591 S.W.2d 58, 62 (Mo.App. 1979); *State v. Whaley,* 512 S.W.2d 431, 435 (Mo.App.1974).

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.