**STATE of Missouri, Plaintiff-Respondent,**

v.

**Willie DAVIS, Defendant-Appellant.**

No. 48582.

Missouri Court of Appeals, Eastern District, Division One.

April 2, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 17, 1985.

Application to Transfer Denied June 25, 1985.

Debra Buie Arnold, Asst. Public Defender, St. Louis, for defendant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Defendant appeals from a conviction of manslaughter, § 565.005 RSMo Supp.1982, claiming insufficiency of evidence to support the conviction.

On February 12, 1983 defendant shot Leotha Hines with a 16 gauge single shot shotgun. Defendant claims it was an accident, an excusable homicide. He was charged with murder in the second degree, § 565.004 RSMo 1978, and convicted of manslaughter. On appeal defendant argues that there was insufficient evidence from which the jury could find he acted purposely, knowingly or recklessly.

At the time of the offense the culpable mental state for manslaughter under § 565.005 RSMo Supp.1982 was purposeful, knowing or reckless conduct.[1] *State v.*

1. In 1982 § 565.005 RSMo Supp.1982 read: Every killing of a human being by the act, procurement or culpable negligence of another, not declared by law to be murder or excusable or justifiable homicide, or vehicular manslaughter, shall be deemed manslaughter.

*Isom,* 660 S.W.2d 739, 743 (Mo.App.1983). Defendant testified that while he was preparing to show Hines a gun he "was fumbling with the trigger, with the handle on the gun, [and] my finger hit the trigger and it went off ..." He also testified that he did not know the gun was loaded and he did not check to see if it was loaded before he pulled the trigger to show Hines that the gun would shoot. Defendant's testimony was sufficient evidence of reckless conduct, and therefore culpable negligence, on his part to support the manslaughter conviction. *See State v. Cox,* 645 S.W.2d 33, 36 (Mo.App.1982).

We affirm.

PUDLOWSKI, P.J., and GAERTNER, J., concur.

---

This section was repealed effective October 1, 1984. However this was the statute in effect at the time of the shooting and at the time of trial.