**STATE of Missouri, Respondent,**

v.

**Louis Joseph HEAGHNEY, Appellant.**

No. 51680.

Missouri Court of Appeals,
Eastern District,
Division One.

March 31, 1987.

Motion for Rehearing and/or Transfer Denied May 6, 1987.

Murray Stone, St. Louis, for appellant.

George R. Westfall, Pros. Atty., Maura McShane, Asst. Pros. Atty., Clayton, for respondent.

KELLY, Judge.

Louis Joseph Heaghney appeals from the judgment and conviction entered in a bench-tried case for the misdemeanor offense of assault in the third degree in violation of § 565.070 RSMo Cum.Supp. 1984 (now 1986). The trial court sentenced appellant to sixty days in jail, with thirty days stayed, and placed him on probation for one year. The judgment is affirmed.

Appellant raises two points on appeal. He claims first that the trial court erred in finding him guilty without stating for what crime he was guilty. His second point contends the trial court's finding him guilty was against the weight of the evidence.

The conviction by the circuit court in a jury-waived case has "the force and effect of the verdict of a jury." Rule 27.01. In considering the evidence, this court must accept as true all evidence and all inferences reasonably drawn therefrom which are favorable to the conviction and disregard all evidence to the contrary. *State v. Yardley*, 628 S.W.2d 703, 704[1] (Mo.App.

1982). Based on this standard of review, we detail the facts.

On December 28, 1985, victim and two of his friends named Randy and David exchanged words with appellant and two of his cronies, Craig and Mike, on the parking lot of a White Castle restaurant in south St. Louis County. Victim and Randy drove off from the parking lot in victim's car leaving David behind. Appellant and his two cohorts followed them in a separate car. As victim drove on Meramec Bottom Road, appellant drove up alongside the car. Victim ran off the road, with his car going into a ditch. Randy jumped out and ran away, up a hill. Victim also got out of the car. One of the fellows from the car following them alit and began to chase Randy but never caught up with him. Craig and the third fellow approached victim, and Craig started hitting victim. Appellant, who had chased Randy, returned and also hit victim. Victim stated both Craig and appellant hit and kicked him until he fell to the ground. His three assailants then drove off. When Randy returned to victim's car he found victim with a police officer. Victim, his face bloodied and cut, had called his parents at a nearby gasoline station before the officer arrived. After recounting to the officer what happened, victim was taken by his parents to the hospital where he was treated for his injuries and released.

Appellant was later arrested. The information charged him with violation of § 565.070 RSMo where appellant, acting with another, committed the class A misdemeanor of assault in the third degree in that he recklessly caused physical injury to victim by punching and kicking him.

Appellant denied punching or hitting victim, stating that only Craig fought with victim. Craig corroborated appellant's version. The trial court found appellant guilty and added his findings specifically noting that appellant and his friends possessed a superior physical advantage in comparison to victim and his friends and also that appellant and his witnesses were not credible.

■ Appellant first attacks the trial court finding appellant guilty without any reference to the crime with which appellant was charged. In *State v. Gentry,* 55 S.W.2d 941[3] (Mo.1932), where the information was in one count and charged a single offense, the verdict finding defendant guilty and assessing punishment was held sufficient. The same situation arises here. The judge found appellant guilty. Although the trial court did not specify "as charged", appellant was charged with the single offense of assault third degree in a single count information. No doubt exists concerning the nature of appellant's criminal conviction as charged. Point denied.

■ Appellant's second point contends that victim made apparently contradictory statements in identifying appellant as the perpetrator of the assault. Appellant argues victim's account of who hit him was inconsistent. Appellant highlights portions of the cross examination of victim where he said "just Craig" hit him and later, that the boy who chased Randy [appellant] came back and "started hitting on [victim] with Craig." He concludes these inconsistencies by victim critically hamstrung the strength of the state's case against appellant.

His testimony, reviewed in its entirety, is neither contradictory nor inconsistent. Craig was the first person who hit victim and appellant joined in the fight. The import of victim's statement to the officer that he had been beaten by three young men is minimal on victim's credibility. While only two persons may have actually struck victim, there is no dispute that three persons accosted him that evening.

Since this was a court-tried case, the trial court resolves conflicts or inconsistencies in conflicting versions of events and its decision on the issue of credibility is binding on appeal. *State v. Isom,* 660 S.W.2d 739, 742[7] (Mo.App.1983). With this standard in hand, we find no error. Point denied.

The judgment is affirmed.

SATZ, P.J., and CRIST, J., concur.