STATE of Missouri, Respondent,

v.

Maurice JEFFERSON, Appellant.

No. 59111.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 5, 1991.

Melinda Kay Pendergraph, Columbia, Loyce Hamilton, Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Presiding Judge.

Defendant appeals from his conviction by a jury of rape and the resultant five years imprisonment established by the jury. We affirm.

No challenge is raised to the sufficiency of the evidence to support the conviction. A brief recitation of the facts is therefore sufficient. The victim was the three year old daughter of the defendant's girlfriend. In August 1989, while at a store with her

grandmother the victim needed to use the restroom. While using the facility, and in the presence of her grandmother, the victim began screaming and crying and stated "Maurice bust my pussy last night". The grandmother reported this occurrence to the victim's mother who took the child to the hospital for examination. The victim had physical signs of trauma including a split in the vaginal area, swelling and redness in the area, and dried blood in her panties. The examining physician testified that the child had been sexually abused within 48 hours of the examination. At trial the child testified that defendant had sexual intercourse with her.

On appeal defendant first challenges the trial court's action in allowing the grandmother to testify to statements made by the victim in March or April 1989 some four or five months prior to the attack which formed the basis for the charged crime. In March or April while moving furniture the grandmother remarked that her knee hurt. In a spontaneous response the child stated "My pussy hurts. Maurice touched my pussy." The child was examined at that time but no physical indications of sexual abuse were found. Section 491.-075, R.S.Mo.1986, authorizes the admission of statements of children under the age of twelve in sex offense cases if the court finds that the time, content and circumstances of the statement provide sufficient indicia of reliability and the child either testifies at the proceedings or is unavailable as a witness. The court here held the requisite hearing and made the finding of reliability. Defendant challenges that finding.

■ It is within the trial court's discretion to determine if a child's out-of-court statements have sufficient indicia of reliability. *State v. Keil,* 794 S.W.2d 289 (Mo. App.1990) [6]. We therefore review only for abuse of discretion. *State v. Jankiewicz,* 1991 WL 147155 (Mo.App.E.D. No. 58323 Aug. 6, 1991). Indicia of reliability include spontaneity, a non-threatening environment, consistent repetition, a professional and experienced interviewer, the use of terminology not expected of a child of

similar age, and a lack of motive to fabricate. *Id.* Such reliability is considered in the context of the particular case and the totality of the circumstances surrounding the making of the statement. *Id.* The statement in question was made completely spontaneously in a non-threatening environment with no prompting and without any prior discussion of the subject. It utilized words not expected of a child of three. The victim made subsequent consistent statements to the grandmother, her mother, a police officer with considerable experience in interviewing victims of sexual abuse, and in court. There is no indication of any motive to fabricate by the child. Defendant's remaining contentions of absence of reliability, such as lapse of time between the statement and the charged crime and the credibility of the grandmother, were within the discretionary determination of the trial court. We find no abuse of discretion in the court's finding that the statements possessed the requisite indicia of reliability.

■ Defendant also contends that allowing the statement into evidence forced him to defend himself against an uncharged crime. That issue was addressed in *State v. Christeson,* 780 S.W.2d 119 (Mo.App. 1989) [4], where it was held that evidence of prior sexual acts between the victim and the defendant are admissible even though they constitute proof of the commission of separate crimes. They are admissible to show the probability that the specific acts charged had been committed and to show the relationship of the parties involved. We find no error in the admission of the testimony of the grandmother of the victim's statements in March or April.

■ In his other point the defendant contends the court erred in refusing to declare a mistrial when it was discovered midway through the trial that a venireman, stricken peremptorily by defendant, was not a resident of the City of St. Louis and therefore not a qualified juror. A defendant is entitled to a qualified panel of veniremen before being required to make peremptory challenges. *State v. Wacaser,* 794 S.W.2d 190 (Mo. banc 1990) [1]. Neverthe-

less the qualifications of jurors must be determined and objections made to the jurors before the jury is sworn except where matters which might establish disqualification were covered and false answers given. *State v. Powers,* 613 S.W.2d 955 (Mo.App. 1981) [4–6]. Nothing in the record indicates that any attempt was made at trial to determine the residence of the veniremen or that any false answers were given by the venireman concerned. No objection was made prior to the jury being sworn. There was no error in the court's denial of the motion for mistrial.

Judgment affirmed.

KAROHL and AHRENS, JJ., concur.