**STATE of Missouri, Respondent,**

v.

**Curtis MURRAY, Appellant.**

**No. WD 45199.**

Missouri Court of Appeals, Western District.

Aug. 4, 1992.

Gary Brotherton, Columbia, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, C.J., and BERREY and SMART, JJ.

LOWENSTEIN, Chief Judge.

Having waived trial by jury, appellant Curtis Murray appeals the court's decision to convict him on two counts of sodomy, Section 566.060, RSMo 1986. Murray was sentenced to two concurrent ten year terms of imprisonment. He raises only one point: that the trial court erred in admitting certain hearsay evidence testimony of a psychologist and a physician who interviewed the two infant victims which lacked particularized guarantees of trustworthiness, and in turn violated his rights to a fair and impartial trial. In actuality, there are four issues in this appeal. They are: 1) the evidence admitted was hearsay, 2) the evidence was incorrectly admitted under the Missouri child hearsay statute § 491.075, RSMo 1986, because it was not sufficiently reliable, 3) the admitted evidence constitutes improper bolstering, 4) the evidence admitted was clearly prejudicial to his case.

The facts surrounding the incidents are as, follows: Murray lived with his wife, Joyce, and her children, Jessica and Jamie. After a fire destroyed their home, the family moved in with Murray's in-laws in Cass County, Missouri. Jessica's cousin, Keeli, often stayed overnight with the family.

While living in his in-laws' house, Murray approached five-year-old Jessica while she was in bed and touched her vagina with his hand, mouth, and penis. Jessica testified that he would spread her legs and try to put his penis on her vagina, but that she always shut her legs back together. She also testified that Murray put his penis into her mouth and tried to make her suck on it. Keeli, the other victim, who was six, observed the touching of Jessica and also was touched on the vagina by Murray. Keeli testified Murray touched her vagina with his finger, tongue, and penis on more than one occasion.

Katherine Hissink, a licensed psychologist, interviewed Jessica about the incidents and testified about the interview at trial. She testified she gave the child an anatomically correct photograph of a preschool girl and of an adult male, asking her to mark where she was touched and what she was touched with. Hissink said Jessica

marked the areas of the vagina on the girl picture, and the fingers, mouth, and penis on the male picture. Hissink also interviewed Keeli about the incident, and presented her with the same types of pictures. Keeli made marks on the vaginal area and the buttocks of the girl picture, and on the hand, mouth, and penis of the male picture. Hissink testified Jessica also described to her the conduct of Murray which involved her vagina and his fingers, mouth, and penis.

Dr. Myra Quanrud interviewed both girls at Children's Mercy Hospital. Quanrud testified that Jessica described how Murray had touched her vagina with his finger, mouth, and penis, and indicated that appellant made her suck on his penis. Quanrud also testified that Keeli described how Murray touched her vagina with his fingers and with his penis.

Murray confessed and again in trial admitted that he had some sexual contact with both of the girls. Murray *only* appeals the issues surrounding *Keeli's* out-of-court statements as testified to by Dr. Quanrud and Hissink. He contends that the trial court erred in admitting under § 491.075, RSMo 1986, Keeli's statements which were made to Quanrud and to Hissink because the statements to Hissink were made only after "a lot of prompting" while Jessica's mother was present. He contends that statements lacked the particularized guarantees of trustworthiness required for a finding of sufficient indicia of reliability to be admitted.

■ The appellant fails to explain how reversible error could have occurred when this was a court- tried case. Even if the evidence is deemed inadmissible, Missouri law recognizes that a trial judge may allow inadmissible evidence to be presented, *State v. Young,* 477 S.W.2d 114, 117 (Mo. 1972). Because of the expertise and experience of a trial court judge, (s)he, will be able to make a decision based only on the admissible, competent evidence, therefore the admission is *harmless error, State v. Sisler,* 654 S.W.2d 220, 222[4] (Mo.App. 1983); *State v. Mendoza,* 661 S.W.2d 672,

675[6] (Mo.App.1983); *State v. Isom,* 660 S.W.2d 739, 741 (Mo.App.1983).

## I. CLASSIFICATION OF EVIDENCE

■ Murray claims the testimony of Hissink and Quanrud concerning interviews with Keeli was hearsay. The main characteristic of hearsay evidence is that its reliability depends on the veracity and competency of an out-of-court declarant, *Mash v. Missouri Pacific Railroad Co.,* 341 S.W.2d 822, 827 (Mo.1960). In this case, the source of the statement, Keeli, testified and was cross-examined at trial. In *State v. Hankins,* 612 S.W.2d 438, 439–40 (Mo.App.E.D.1981), an examining physician's relation of a rape victim's declarations was not hearsay where the victim had related much of the same information in her testimony. The statements complained of in this case correspond exactly with those in *Hankins.* A doctor's recitation of such statements is not hearsay and not objectionable. *Baumhoer v. McLaughlin,* 205 S.W.2d 274, 280 (Mo.App.1947); *Gaines v. Schneider,* 323 S.W.2d 401, 405 (Mo.App. 1959).

## II. RELIABILITY OF ADMITTED EVIDENCE

■ Even if the evidence could be considered hearsay, the trial court is provided discretion via statute in determining whether the time, content, and circumstances of a child's statement provide sufficient indicia of reliability to justify admission into evidence, *State v. Whittle,* 813 S.W.2d 336, 340 (Mo.App.1991).

Section 491.075 RSMo (1986), the child hearsay exception statute, reads as follows:

A statement made by a child under the age of twelve relating to an offense under Chapters 565, 566, or 568, RSMo, performed with or on a child by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted if:

(1) The court finds, in a hearing conducted outside the presence of the jury that the time, content and circumstances of

the statement provide sufficient indicia of reliability; and

(2) The child either:

    (a) Testifies at the proceedings; or

    (b) Is unavailable as a witness

Keeli was both available and did testify and was cross-examined at trial. In addition, there was no need for a separate hearing because appellant waived a jury trial.

■■■ The factors which indicate reliability are organized into a totality of circumstances test and include: spontaneity & constant repetition, use of terminology unexpected of a child of similar age, lack of motive to fabricate, and mental state of the declarant, *Idaho v. Wright*, 497 U.S. 805, ——, 110 S.Ct. 3139, 3150, 111 L.Ed.2d 638 (1990). Murray contends that the "totality of circumstances test" is not met for a variety of reasons: 1) Keeli's statements to Hissink required "a lot of prompting"; 2) Keeli's mother was present at the time of the statements; 3) Too much time had lapsed between the acts and the statements (about 16 days); 4) The fact that Keeli's mother and defendant were having an affair. The state maintains that under the *Idaho v. Wright* test, the information is reliable. 1) Although it was established that the child needed "prompting", because she was not very verbal, the transcript shows no signs that Hissink or Quanrud asked leading questions. Hissink merely gave Keeli anatomically correct pictures, and Keeli marked the areas on the pictures. This was the same procedure as administered to Jessica. 2) The presence alone of the child's mother fails to prove the evidence was prompted because the mother remained silent throughout the interview; 3) The defendant puts forth no evidence to prove that the 16 days between the act and the interview had any effect on Keeli's memory. On the contrary, in *State v. Culkin*, 791 S.W.2d 803, 810 (Mo.App.1990), the court said that while time was a factor to be considered, taken as a whole, time alone is not enough to make testimony unreliable. In *Culkin*, the statements were given as late as 1 month after the incidents; 4) defendant Murray fails to put forth any proof as to how the affair between Keeli's mother and defendant is at all relevant to the admissibility of the evidence.

In addition to the above points which indicate reliability, the remaining two parts of the *Wright* test are met. Keeli, both in trial testimony and in the Hissink and Quanrud interviews, referred to her vagina as her "private" and "pee-pee", and to Murray's penis as a "ding-dong". These terms are not unusual for a young child to use, and show a lack of coaching. The mental ages of the victims in *Wright*, and that of Keeli are significant. In *Wright*, the victims were ages five and two. Only the out-of-court statements made by the two-year-old were not allowed as evidence. In addition, the court found the two-year-old incompetent to testify at trial, *Id.* 497 U.S. at ——, 110 S.Ct. at 3151. Keeli was six years old at the time of trial and her mental state was tested by the trial court judge before she was allowed to testify or be cross-examined. He found her competent to answer questions and her answers upon examination were consistent with the statements made to Hissink in the interview. For all of the above reasons, this court finds the statements made to Hissink and Quanrud sufficiently reliable for admission under the child hearsay exception statute.

## III. IMPROPER BOLSTERING

■ The appellant next contends that the testimony of Hissink and Quanrud constituted improper bolstering, because the victim testified in addition to having her out-of-court statements admitted into evidence. He alleges this violates *State v. Seever*, 733 S.W.2d 438, 441 (Mo. banc 1987). This court finds that case clearly inapplicable because a different hearsay statute was used, which required the child need only be *available to testify*. In the case at bar, however, section 491.075 requires not only that child be *available* to testify, but makes such testimony *mandatory*. In *Seever*, the child did not testify; and furthermore, it was a jury, not a court-tried case.

Secondly, under *State v. Wright,* 751 S.W.2d 48, 50 (Mo. banc.1988), the statements do not constitute improper bolstering, because "out-of-court statements ... are a species of evidence distinct from declarant's testimony at trial possessing unique strengths and weaknesses." *Id.* In *Wright,* a statute making admissible out-of-court statements made by children under 12 relating to sexual offenses was not unconstitutional as applied to defendants trial for rape and sodomy of a six-year-old girl, where the victim testified at trial and was subject to cross-examination and where statements met the sufficient reliability requirement. *Id.* at 52. *Wright* is clearly on point with the case at bar.

## IV. PREJUDICE

■ Finally, the appellant fails to show how admission of the evidence prejudiced his case. As mentioned *supra,* this was a court-tried case, *State v. Young,* 477 S.W.2d 114, 117 (Mo.1977). In addition, Keeli's statements were corroborated by Murray's testimony and confession, and were corroborated by Jessica's testimony. *Idaho v. Wright, supra* 497 U.S. at ——, 110 S.Ct. at 3150.

In *State v. Harris,* 620 S.W.2d 349 (Mo. banc. 1981), the trial court admitted a rape victim's testimony as to statements made to her by Lourine Amos about the defendant. In *Harris,* the court stated, "since the declarant testified and was subject to cross examination at trial, the defendant suffered no prejudice by the trial courts action in admitting the testimony as to the out-of-court statement." *Id.* at 357. It seems clear that the appellant could not have been prejudiced even if the evidence were improperly admitted.

The evidence was not hearsay. This court finds the statements reliable, not the result of improper bolstering, and no prejudice suffered. The judgment is affirmed.

All concur.