STATE of Missouri, Respondent,

v.

James WHITE, Appellant.

James WHITE, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 62072, 64306.

Missouri Court of Appeals,
Eastern District,
Division One.

April 12, 1994.

Robert E. Steele, Jr., St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Traci J. Sanders, Asst. Atty. Gen., Jefferson City, for respondent.

Before CRANDALL, P.J., and REINHARD and CRIST, JJ.

CRIST, Judge.

Defendant appeals after a jury convicted him of sodomy, and the motion court denied his Rule 29.15 motion without an evidentiary hearing. We affirm.

The following evidence was adduced at trial: In November of 1988, Defendant's children were taken into custody by the Department of Family Services (DFS). The oldest child, M.W., age eight, was placed in foster care with Carmen and Gary Forsythe. For two years, Defendant and his wife were only allowed to see the children on supervised visits. During this period, Defendant received counseling to improve his parenting skills and saw a psychologist, Dr. Genarri, to discuss sexual abuse issues.

Based upon Dr. Genarri's recommendation, the court allowed Defendant and his wife to have an unsupervised visit with their children on December 24, 1990. M.W.'s DFS social worker strongly recommended against this visit. Prior to the visit, M.W. repeatedly told his foster parents and his social worker he did not want to visit Defendant because he was afraid something would happen.

On the morning of December 24, 1990, Defendant and his wife picked up their children at the DFS office and took them to their home in Potosi. The home was very small and only had one and one-half bedrooms. The half bedroom contained a set of bunk beds for the children and did not have a door.

While the other children were in the living room and their mother was outside, Defendant took M.W. into the half bedroom. Defendant placed a door over the doorway to the half bedroom. He then went over to the bottom bunk bed, pulled down M.W's trousers and underpants, put his penis in M.W.'s anus, and did "push-ups" on him.

When M.W. returned to his foster home later that evening, he was unusually quiet. The next day M.W. had trouble holding his bowels and even had a bowel movement while taking a bath. Carmen, M.W.'s foster mother, testified M.W. did not usually have any problem holding his bowels.

On December 26, M.W. told Carmen Defendant had taken him into the bedroom, put up a black, half door, and put his penis in M.W.'s anus. On December 28, 1990, M.W. was taken to his pediatrician, Dr. Cynthia Powell. M.W. told her Defendant had "put his thing up his butt, you know penis." When Dr. Powell examined M.W., she found his rectal opening was gaping open, there was no sphincter tone, and there was evidence of a history of rectal trauma.

On the same day, M.W. was also examined by Dr. Genouck, the attending physician at the emergency room of Cardinal Glennon's Hospital. Dr. Genouck stated she did not find any evidence of fresh trauma to M.W.'s anus, but she found evidence of extensive scarring and tunneling. Dr. Genouck stated because of the extensive scarring and tunneling, it was possible M.W.'s anus could have been penetrated recently without leaving any tears or evidence of fresh trauma.

The State charged Defendant with sodomy. The jury found Defendant guilty, and he was sentenced to life imprisonment. On November 2, 1992, Defendant filed his *pro se* Rule 29.15 motion. Counsel was appointed and an amended motion was filed on March 26, 1993. The motion court entered findings of fact and conclusions of law denying Defen-

dant's Rule 29.15 motion without an evidentiary hearing. Defendant now appeals.

In Point I, Defendant alleges the trial court abused its discretion in overruling his motion in limine to exclude testimony about out-of-court statements made by M.W. to Dr. Powell, two caseworkers, and his foster mother. Defendant alleges these statements constituted unreliable hearsay and cumulative evidence whose prejudicial effect outweighed its probative value.

■ According to § 491.075, out-of-court statements by child sodomy victims are admissible as substantive evidence if: (1) the victim testifies …; and (2) the trial court determines, after a hearing, that the statements carry sufficient indicia of reliability. RSMo Supp.1993. M.W. testified at trial and was subject to cross-examination. Appellate review of a decision to admit such out-of-court statements is limited to a finding of abuse of discretion. *State v. McKee*, 856 S.W.2d 685, 691[8] (Mo.App.1993).

■ In determining whether sufficient indicia of reliability exists, the trial court considers the totality of the circumstances surrounding the statements, including the spontaneity and consistent repetition of the statements, the use of terminology unexpected of a child of similar age, the lack of motive to fabricate, and the mental state of the declarant. *State v. Murray*, 838 S.W.2d 83, 86[5] (Mo.App.1992), *citing Idaho v. Wright*, 497 U.S. 805, 821–23, 110 S.Ct. 3139, 3150, 111 L.Ed.2d 638 (1990).

Defendant contends the trial court abused its discretion in finding there were sufficient indicia of reliability because: (1) there were inconsistencies in M.W.'s story; (2) the terminology M.W. used was unexpected for a nine-year-old child; and (3) M.W. had a motive to fabricate his story in order to remain with his foster parents. We disagree.

■ First, although evidence was presented showing several minor inconsistencies in M.W.'s testimony, the central facts of his story were always consistent. *See, McKee*, 856 S.W.2d at 691[8]. M.W. never wavered in his contention that Defendant approached him in the half bedroom, pulled M.W.'s pants down, and put his penis in M.W.'s anus.

■ Second, Defendant claims M.W.'s out-of-court statements were unreliable because M.W. used the term "penis," a term he alleges would normally not be used by an eight-year-old child. Yet, only one of the witnesses stated she was using M.W.'s exact words. Dr. Powell testified, "he said J.D. [Defendant] put his thing up his butt, you know penis. Those were his exact words." This is not language unexpected from an eight-year-old boy. Further, even if use of the term "penis" was due to coaching, this is insufficient to render the out-of-court statements unreliable. *See, State v. Jefferson*, 818 S.W.2d 311, 312[3] (Mo.App.1991) (holding there were still sufficient indicia of reliability to support a child's out-of-court statement which utilized words not expected from a three-year-old).

■ Defendant also claims M.W. had a motive to fabricate because he wanted to remain with his foster parents instead of returning to Defendant's home. However, M.W. testified at trial and was subject to cross-examination on his possible motives for fabrication. Further, all of M.W.'s out-of-court statements were made in a nonthreatening environment with little or no prompting. *See, Id.* We find the trial court did not abuse its discretion in finding sufficient indicia of reliability supported M.W.'s out-of-court statements.

■ Further, the four witnesses' testimony regarding M.W.'s out-of-court statements was not impermissibly bolstering or cumulative. The testimony of each witness had probative value apart from M.W.'s out-of-court statements because each witness also described the circumstances surrounding M.W.'s statements. *State v. Carey*, 808 S.W.2d 861, 867[15] (Mo.App.1991). Point denied.

In Point II, Defendant alleges the trial court erred in denying his motions for acquittal because the State presented insufficient evidence for a reasonable person to find Defendant guilty beyond a reasonable doubt. Specifically, Defendant alleges the evidence was insufficient to establish beyond a reason-

able doubt that Defendant had anal intercourse with M.W.

In reviewing the sufficiency of the evidence to support a conviction, we view the evidence and all reasonable inferences in the light most favorable to the verdict and ignore all inferences to the contrary. *State v. O'Brien*, 857 S.W.2d 212, 215[5] (Mo. banc 1993). The reliability and credibility of the witnesses is an issue for the jury and is not subject to review on appeal. *State v. Ek*, 834 S.W.2d 828, 831[4, 5] (Mo.App.1992).

Defendant was charged with committing sodomy in violation of § 566.060.3, RSMo 1986. This section defines sodomy as follows:

A person commits the crime of sodomy if he has deviate sexual intercourse with another person to whom he is not married who is less than fourteen years old.

Section 566.010.1(2), RSMo 1986, further defines "deviate sexual intercourse" as "any sexual act involving the genitals of one person and the mouth, tongue, hand, or anus of another person."

At trial, M.W. testified he was forced to go to Defendant's home for an unsupervised visit on December 24, 1990. During this visit, Defendant took M.W. into the half bedroom, pulled off M.W.'s trousers and underpants, put his penis inside M.W.'s anus, and did "push-ups" on him. A submissible case may be based on the sodomy victim's testimony alone; no medical evidence is required. *State v. Kitson*, 817 S.W.2d 594, 601[12] (Mo.App.1991). Although there were some minor inconsistencies between M.W.'s testimony at trial and his earlier deposition, some contradictions are to be expected with victims of a young age. *Id.*

Testimony was also elicited from M.W.'s doctor, two social workers, and M.W.'s foster mother, all of whom testified M.W. told them Defendant put his penis in M.W.'s anus. M.W.'s foster mother also testified M.W. had problems controlling his bowels immediately after returning from the unsupervised visit.

Two doctors also examined M.W. four days after he was sodomized by Defendant. Neither of these doctors was able to state conclusively whether M.W.'s anus had suffered any fresh trauma due to the extensive scarring. Indeed, the doctor called by Defendant stated it was possible M.W.'s anus could have been penetrated without leaving any tears or fresh trauma. Viewed in the light most favorable to the verdict, there was sufficient evidence to support the jury's finding Defendant guilty of sodomy. Point denied.

In Point III, Defendant alleges the motion court clearly erred in denying, without an evidentiary hearing, his claim his counsel was ineffective for failing to apprise him of the correct range of punishment and failing to call Dr. Gennari as a witness.

In order to be entitled to an evidentiary hearing, a defendant's motion must allege facts, not conclusions warranting relief. *State v. Jones*, 835 S.W.2d 376, 381[8] (Mo. App.1992). The facts alleged must raise claims not refuted by the record, and the matters complained of must have resulted in prejudice to the defendant. *Id.*

Defendant is not entitled to an evidentiary hearing on his claim of ineffective assistance of counsel for failing to apprise him of the correct range of punishment prior to the day of trial. After Defendant was charged by information with felony sodomy in violation of § 566.060, RSMo 1986, the legislature changed the maximum sentence for this offense to life imprisonment. The State filed an amended information to reflect this change. Defendant claims his counsel was ineffective for not apprising him of this change until the date of trial.

Defendant fails to alleges facts which, if true, would warrant relief. In order to be entitled to relief on a claim of ineffective assistance of counsel, Defendant must establish both that his counsel's performance was deficient under prevailing professional norms, and that the deficient performance prejudiced his defense. *State v. McElroy*, 838 S.W.2d 43, 48[8] (Mo.App.1992).

At the sentencing hearing, Counsel stated he attempted to inform Defendant as soon as he became aware of the change, but Defendant was away from home. Counsel stated he informed Defendant's wife of the change and asked her to have Defendant contact

him. Further, Defendant admitted he was apprised of the correct sentence range and the State's offer before proceeding to trial. Defendant fails to allege facts which, if true, would establish counsel's performance was deficient under prevailing professional norms or that he was prejudiced thereby. *Id.*

Further, an evidentiary hearing is not required for his claim of ineffective assistance of counsel for failing to call Dr. Gennari to testify at trial. In denying this claim without an evidentiary hearing, the motion court found it:

> merely state[s] a conclusion and in no way sets forth evidentiary facts which sustain the findings of ineffectiveness of Counsel. Further, the Court finds that even if the Movant were able to establish the contents of Dr. Genarri's testimony, then in fact said decision not to call Dr. Gennari would be a trial decision by counsel and not subject to further review.

The motion court's finding is not clearly erroneous. Counsel's choice of witnesses is a matter of trial strategy and will not support a claim of ineffective assistance of counsel. *State v. Lopez,* 836 S.W.2d 28, 36[21] (Mo. App.1992). Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.