**STATE of Missouri, Plaintiff-Respondent,**

v.

**Tommy Wayne WILHITE, Defendant-Appellant.**

No. 10854.

Missouri Court of Appeals, Southern District, Division Three.

April 23, 1979.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Donald E. Lamb, Centerville, for defendant-appellant.

BILLINGS, Judge.

Defendant Tommy Wayne Wilhite was convicted by an Iron County jury of felonious stealing and sentenced by the court under the Second Offender Act [§ 556.280, RSMo 1969] to a 10-year prison term. He contends the evidence required an instruction on stealing property of a value under $50 and that the evidence was insufficient to support his conviction. We affirm.

Defendant was charged with stealing a gasoline engine which had a value of more than $50. The *only* evidence of the value of the purloined engine came from its owner who testified the fair market value of the engine was $125. The owner was qualified, without more, to testify to the engine's reasonable market value.

*State v. Morse,* 514 S.W.2d 375 (Mo.App. 1974). This uncontradicted evidence warranted the instruction given and there was no error in the court's failure to give an instruction submitting the lesser included offense of stealing property of a value less than $50. *State v. Davis,* 544 S.W.2d 600 (Mo.App.1976).

Defendant's point concerning the sufficiency of the evidence to support his conviction has not been preserved for appellate review. There was no motion for judgment of acquittal at the close of the state's case-in-chief. There was no such motion at the close of all of the evidence. And, defendant's motion for new trial made no mention of the insufficiency of the evidence. Rule 27.20(a), V.A.M.R., requires a motion for new trial to set forth in detail and with particularity the specific grounds or causes therefor. A point not presented in defendant's motion for new trial and first presented in his brief is not preserved for review. *State v. Brookshire,* 353 S.W.2d 681 (Mo.1962), cert. denied 371 U.S. 67, 83 S.Ct. 155, 9 L.Ed.2d 119 (1962).

We are urged by defendant to consider the question of the sufficiency of the evidence under the plain error rule. Rule 27.-20(c), V.A.M.R. Application of the plain error doctrine is limited to those cases in which the reviewing court "deems that manifest injustice or miscarriage of justice has resulted . . . ." We have read the trial transcript and find no basis for review under plain error.

The judgment is affirmed.

FLANIGAN, C. J., and MAUS and GREENE, JJ., concur.