**Tommy Wayne WILHITE,**
**Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 11990.**

Missouri Court of Appeals,
Southern District,
Division Three.

March 18, 1981.

Motion for Rehearing or Transfer
Denied April 3, 1981.

Application to Transfer Denied
May 11, 1981.

Donald E. Lamb, Centerville, for movant-appellant.

John D. Ashcroft, Atty. Gen., Steven H. Akre, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Presiding Judge.

Appellant Tommy Wayne Wilhite filed a postconviction motion under Rule 27.26, V.A.M.R., seeking relief from a sentence for felonious stealing.[1] He alleged his trial attorney was derelict in numerous respects and, consequently, he was denied effective assistance of counsel. The trial court denied the motion. We affirm.

Appellant's motion averred his lawyer failed to discover the state's "deal" with witness Walk and any criminal record of Walk; failed to discover that other stolen items were possessed by John Warren and failed to subpoena Warren; failed to object to certain testimony of the owner of the stolen property and argument of the prosecutor; failed to file motions for judgment of acquittal and preserve the issue of the sufficiency of the evidence in the motion for new trial; and, failed to request certain instructions.

Counsel was appointed to represent appellant and an evidentiary hearing was conducted. The *only* evidence proffered by appellant was the trial transcript, appellant's brief on direct appeal, and our opinion affirming the judgment.[2] The trial court made and entered findings and conclusions that appellant had failed to sustain his burden of proof and that trial counsel had rendered effective assistance to appellant and denied the motion.

A postconviction proceeding under Rule 27.26 ordinarily cannot be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal, and cannot serve as a vehicle for relitigating the guilt or innocence of a defendant. Rule 27.26(b)(3); *Bradley v. State*, 494 S.W.2d 45 (Mo.1973); *Robinson v. State*, 491 S.W.2d 314 (Mo.1973). Its " 'sole purpose . . . is to determine whether defendant's original trial was violative of any constitutional requirements or if the judgment was otherwise void.' " *Wright v. State*, 459 S.W.2d 370 (Mo.1970). It is a means for review of alleged constitutional defects which were not knowingly and voluntarily waived, *Nickens v. State*, 506 S.W.2d 381 (Mo.1974), and the asserted defects were not passed upon by the reviewing court in the direct appeal of the case. *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978).

As stated in *Seales v. State*, 580 S.W.2d 733, 736 (Mo. banc 1979), a prisoner in custody alleging ineffective assistance of counsel bears a heavy burden and must show that his " 'attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and that he [the defendant] was prejudiced thereby.' "

Our review of the trial court's findings, conclusions and judgment is limited to whether or not the same are clearly erroneous. Rule 27.26(j); *Burroughs v. State*, 590 S.W.2d 695 (Mo.App.1979).

Here, the appellant has fired a scatter-load of alleged derelictions by his trial attorney through the double-barrels of hindsight and second-guessing in an effort to relitigate the question of his guilt and to challenge the sufficiency of the evidence to support his conviction. Those matters are foreclosed in this proceeding. *State v. Ward*, 563 S.W.2d 153 (Mo.App.1978). Walk's "deal" with the state was fully explored on cross-examination by defendant's attorney, as was his past criminal record—a

---

1. Appellant was sentenced under the Second Offender Act [§ 556.280, RSMo 1969] to a ten-year prison term and we affirmed the judgment in *State v. Wilhite*, 580 S.W.2d 763 (Mo.App. 1979).

2. In appellant's motion he stated he would call as witnesses, in support of his allegations, his trial attorney, witness Walk, the circuit clerk, the sheriff, a deputy sheriff, and John Warren, and would request a NCIC (National Crime Information Center) report on Walk.

juvenile offense. Appellant was not charged with stealing the other stolen items possessed by John Warren and he offered no evidence that Warren's alleged possession thereof or Warren's testimony would have constituted a defense for him. *Charles v. State,* 570 S.W.2d 700 (Mo.App. 1978). Further, the choice of witnesses is a matter of trial strategy. *Crow v. State,* 514 S.W.2d 13 (Mo.App.1974). Appellant's complaints concerning the failure to object to allegedly improper evidence or argument fall into the category of trial error and are not reviewable in postconviction proceedings. *Achter v. State,* 545 S.W.2d 86 (Mo. App.1976). See also *Brewster v. State,* 577 S.W.2d 911 (Mo.App.1979); *Fitzpatrick v. State,* 578 S.W.2d 339 (Mo.App.1979). The same is true as to alleged instructional error. *Jackson v. State,* 558 S.W.2d 816 (Mo. App.1977). The failure to file motions for judgment of acquittal and preserve the question of the sufficiency of the evidence in the motion for new trial poses no constitutional problems and did not result in prejudice to the appellant nor deprive him of a fair trial. *Brewster v. State,* supra.

The judgment is affirmed.

All concur.