**STATE of Missouri, Respondent,**

v.

**Sandra J. NATIONS, Appellant.**

**No. 45349.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 28, 1984.

Harvey I. Feldman, Clayton, for appellant.

George R. Westfall, Pros. Atty. by James E. Baker, Asst. Pros. Atty., Clayton, for respondent.

SATZ, Judge.

Defendant, Sandra Nations, owns and operates the Main Street Disco, in which police officers found a scantily clad sixteen year old girl "dancing" for "tips". Consequently, defendant was charged with endangering the welfare of a child "less than seventeen years old," § 568.050 RSMo 1978.[1] Defendant was convicted and fined

$1,000.00. Defendant appeals. We reverse.

■■■■ Defendant contends the state failed to make a submissible case. Defendant failed to preserve this issue for review on appeal.[2] We must, however, consider the issue of submissibility under the doctrine of plain error. It is manifest injustice for a trial court to submit a case to the fact finder on evidence insufficient to make a submissible case. *E.g., State v. Russell,* 581 S.W.2d 61, 63 (Mo.App.1979).

Specifically, defendant argues the state failed to show she knew the child was under seventeen and, therefore, failed to show she had the requisite intent to endanger the welfare of a child "less than seventeen years old." We agree.

The pertinent part of § 568.050 provides:
"1. A person commits the crime of endangering the welfare of a child if:

. . . .

(2) He knowingly encourages, aids or causes a child less than seventeen years old to engage in any conduct which causes or tends to cause the child to come within the provisions of subdivision (1)(c) .. of section 211.031, RSMo .... "

■■■■ The reference to "subdivision (1)(c)" is to § 211.031.1(1)(c) RSMo (Supp. 1976), which was in effect when § 568.050 was enacted. This "subdivision" vested in the juvenile court exclusive original jurisdiction of any proceeding in which a child is alleged to be in need of care and treatment because "[t]he behavior, environment or associations of the child are injurious to his welfare or to the welfare of others".[3]

---

1. All statutory references are to RSMo 1978, unless otherwise indicated.

2. At the close of the state's case, the court denied defendant's motion for judgment of acquittal. Defendant then offered evidence in her own behalf. By doing so, she waived any objection to the court's denial of her motion. *See, e.g., State v. Russell,* 581 S.W.2d 61, 63 (Mo.App. 1979). She did not file a motion for judgment of acquittal at the close of the state's case nor

did she file a motion for a new trial. She, therefore, failed to preserve the issue of submissibility for appeal. *Id.* at 63. *See also State v. Wilhite,* 580 S.W.2d 763, 764 (Mo.App.1979).

3. Subsection 1(1)(c) of the 1976 version of § 211.031 was deleted in 1980 and since then has appeared as subsection 1(2)(d) of that statute. *See* 1980 Laws of Mo., p. 332. Nonetheless, the substance of the subsection has remained a part of § 568.050.1(2) under the rule

Thus, § 568.050 requires the state to prove the defendant "knowingly" encouraged a child "less than seventeen years old" to engage in conduct tending to injure the child's welfare, and "knowing" the child to be less than seventeen is a material element of the crime. *See* § 562.021.

■ "Knowingly" is a term of art, whose meaning is limited to the definition given to it by our present Criminal Code. Literally read, the Code defines "knowingly" as actual knowledge—"A person *'acts knowingly'*, or with knowledge, (1) with respect ... to attendant circumstances when he is aware ... that those circumstances exist ...." (Emphasis original). § 562.016.3.[4] So read, this definition of "knowingly" or "knowledge" excludes those cases in which "the fact [in issue] would have been known had not the person wilfully 'shut his eyes' in order to avoid knowing." Perkins, *Criminal Law* 942 (2d ed. 1969). The Model Penal Code, the source of our Criminal Code, does not exclude these cases from its definition of "knowingly". Instead, the Model Penal Code proposes that "[w]hen knowledge of the *existence of a particular fact* is an element of an offense, such knowledge is established if a person is aware of a high probability of its existence ...." (Emphasis added). Model Penal Code § 2.02(7) (Proposed Official Draft 1962). This definition sounds more like a restatement of the definition of "recklessly" than "knowingly".[5] The similarity is intentional. The Model Penal Code simply proposes that wilful blindness to a fact "be viewed as one of acting knowingly when what is involved is a matter of existing fact, but not when what is involved is the result of the defendant's conduct, necessarily a matter of the future at the time of acting." [6] Thus, as noted, the Model Penal Code proposes that "[w]hen knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person is aware of a high probability of its existence

that "a statute may adopt a part or all of another statute by a specific and descriptive reference thereto, and the effect is the same as if the statute or part thereof adopted had been written into the adopting statute." *State v. Lloyd,* 320 Mo. 236, 7 S.W.2d 344, 346 (Mo.1928). This "'adoption takes the statute as it exists at the time of adoption and does not include subsequent additions or modifications of the statute so taken unless it does so by express intent.'" *City of Warrensburg v. Board of Regents,* 562 S.W.2d 340, 344 (Mo. banc 1978).

**4.** § 562.016.3 reads:
"A person *'acts knowingly'*, or with knowledge,
(1) With respect to his conduct or to attendant circumstances when he is aware of the nature of his conduct or that those circumstances exist; or
(2) With respect to a result of his conduct when he is aware that his conduct is practically certain to cause that result." (Emphasis original).

**5.** Under the Model Penal Code and our Criminal Code, "[a] person *'acts recklessly'* ... when he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." (Emphasis original). § 562.016.4.

**6.** The additional or expanded definition of "knowingly" proposed in § 2.02(7) of the Model Penal Code

"deals with the situation British commentators have denominated 'wilful blindness' or 'connivance,' the case of the actor who is aware of the probable existence of a material fact but does not satisfy himself that it does not in fact exist.... Whether such cases should be viewed as instances of acting recklessly or knowingly presents a subtle but important question.

The draft proposes that the case be viewed as one of acting knowingly when what is involved is a matter of existing fact, but not when what is involved is the result of the defendant's conduct, necessarily a matter of the future at the time of acting. The position reflects what we believe to be the normal policy of criminal enactments which rest liability on acting 'knowingly,' as is so commonly done. The inference of 'knowledge' of an existing fact is usually drawn from proof of notice of substantial probability of its existence, unless the defendant establishes an honest, contrary belief. The draft solidifies this usual result and clarifies the terms in which the issue is submitted to the jury." Model Penal Code § 2.02(7) commentary at 129–30 (Tent. Draft No. 4, 1953).

...." Model Penal Code § 2.02(7) (Proposed Official Draft 1962).

Our legislature, however, did not enact this proposed definition of "knowingly". Although the definitions of "knowingly" and "recklessly" in our Criminal Code are almost identical to the primary definitions of these terms as proposed in the Model Penal Code, *see* Model Penal Code § 2.02(2)(b)–(c) (Proposed Official Draft 1962), the Model Penal Code's proposed expanded definition of "knowingly", encompassing wilful blindness of a fact, is absent from our Criminal Code. The sensible, if not compelling, inference is that our legislature rejected the expansion of the definition of "knowingly" to include wilful blindness of a fact and chose to limit the definition of "knowingly" to actual knowledge of the fact.[7] Thus, in the instant case, the state's burden was to show defendant actually was aware the child was under seventeen, a heavier burden than showing there was a "high probability" that defendant was aware the child was under seventeen. In short, the state's burden was to prove defendant acted "knowingly", not just "recklessly". The state proved, however, that defendant acted "recklessly", not "knowingly". This we conclude from our review of the record.

■ In our review of the record, we do not weigh the evidence; rather, we simply determine whether there was sufficient proof for the fact finder to find the defendant guilty beyond a reasonable doubt. *E.g.*, *State v. Turner*, 623 S.W.2d 4, 6 (Mo. banc 1981), *cert. denied*, 456 U.S. 931, 102 S.Ct. 1982, 72 L.Ed.2d 448 (1982). In so doing, we consider only those facts and reasonable inferences favorable to the state. *E.g.*, *State v. Franco*, 544 S.W.2d 533, 534 (Mo. banc 1976), *cert. denied*, 431 U.S. 957, 97 S.Ct. 2682, 53 L.Ed.2d 275 (1977).

■ The record shows that, at the time of the incident, the child was sixteen years old. When the police arrived, the child was "dancing" on stage for "tips" with another female. The police watched her dance for some five to seven minutes before approaching defendant in the service area of the bar. Believing that one of the girls appeared to be "young," the police questioned defendant about the child's age. Defendant told them that both girls were of legal age and that she had checked the girls' identification when she hired them. When the police questioned the child, she initially stated that she was eighteen but later admitted that she was only sixteen. She had no identification.

Aside from the child's age, these facts were established by the testimony of a police officer. The state also called the child as a witness. Her testimony was no help to the state. She testified the defendant asked her for identification just prior to the police arriving, and she was merely crossing the stage to get her identification when the police took her into custody.[8] Nor can the state secure help from the defendant's testimony. She simply corroborated the child's testimony; i.e., she asked the child for her identification; the child replied she would "show it to [her] in a minute"; the police then took the child into custody.

These facts simply show defendant was untruthful. Defendant could not have checked the child's identification, because the child had no identification with her that day, the first day defendant "hired" the child. This does not prove that defendant knew the child was less than seventeen years old. At best, it proves defendant did not know or refused to learn the child's age. The latter is the best case for the state. But defendant's refusal to learn the age of this "young" child who was "dancing" "scantily clad" in her disco bar simply proves that defendant was "aware of a

---

7. This inference is reinforced by looking to other statutes found in our Criminal Code which acknowledge the problem of defining "knowingly" with respect to age. *See, e.g.*, § 566.020.

8. This distillation of the child's testimony is the most favorable to the state. The child's testimony was inconsistent, and this inconsistency was not lessened by the prosecutor attempting to use prior testimony of the child—at best, impeaching testimony—as substantive testimony.

high probability" that the child was under seventeen, or, stated otherwise, in the definitional language of our Criminal Code, proves that defendant was conscious of "a substantial and unjustifiable risk" that the child was under seventeen and that defendant's disregard of the risk was a "gross deviation" from the norm. *See* § 562.016.-4. This, however, is not "knowledge" under our Criminal Code. It is "recklessness", nothing more. Having failed to prove defendant knew the child's age was less than seventeen, the state failed to make a submissible case.[9]

Judgment reversed.

SIMON, P.J., and KAROHL, J., concur.

---

**9.** Admittedly, a person in defendant's shoes can easily avoid conviction of a crime under § 568.-050 by simply refusing to check the age of "dancers". This result is to be rectified, however, by the legislature, not by judicial redefinition of already precisely defined statutory language or by improper inferences from operative facts.

The Model Penal Code's expanded definition of "knowingly" attracts us by its logic. Apparently, it was not as attractive to our legislature for use throughout our Criminal Code.

Other states protect their minor children by the simple device of removing the requirement of "knowledge" of the child's age as an element of the offense. Thus, the New York Penal Code provides:

"Notwithstanding the use of the term 'knowingly' in any provision of this chapter defining an offense in which the age of a child is an element thereof, knowledge by the defendant of the age of such child is not an element of any such offense and it is not, unless expressly so provided, a defense to a prosecution therefor that the defendant did not know the age of the child or believed such age to be the same as or greater than that specified in the statute." N.Y.Penal Law, § 15.20.3 (McKinney 1975).