**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Mona GARDNER, Defendant-Appellant.**

**No. 51741.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 6, 1987.

Curtis C. Crawford, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KELLY, Judge.

Mona Gardner was charged with assault in the second degree, pursuant to § 565.060 RSMo (1978). The state accused Gardner of attacking Augustine Rogers (victim) with a knife and stabbing her several times after an argument. Gardner who weighs 120 pounds, claims she acted in self-defense only after the 240 pound Rogers (victim) struck her twice. After a jury trial, Gardner was convicted and subsequently sentenced to five years imprisonment as a prior offender under § 558.016(2) RSMo (1978). Gardner appeals the judgment and asserts error in the denial of her motion for judgment of acquittal for insufficient evidence. We affirm.

■ Appellant in her brief stated she made a timely motion for a new trial.[1] However, the legal file contains no record of a motion for new trial or of a motion for a judgment of acquittal after the verdict.[2]

In order to preserve an allegation of insufficient evidence presented at trial to support a conviction, the defendant must make a motion for a judgment of acquittal or, at least, a motion for a new trial. *See State v. McClunie*, 438 S.W.2d 267, 268 (Mo. 1969); *State v. Nations*, 676 S.W.2d 282, 283 n. 2 (Mo.App.1984). Although the state did not question whether appellant preserved her single allegation of error for our review, we observe *sua sponte* she did not.

■ It is, however, manifest injustice and, therefore, plain error to present a case to the jury on evidence inadequate to sustain a conviction. If a case lacking evidence required for a conviction goes to the jury and the jury returns a guilty verdict, a miscarriage of justice occurs. Thus the failure to properly preserve a case for appellate review on an allegation of insufficient evidence to support the charge cannot insulate the verdict from appellate review. *McClunie*, 438 S.W.2d at 268; *Nations*, 676 S.W.2d at 283 n. 2; *see also* Rule 29.12(b).

We must look to the evidence presented at trial to determine its sufficiency in supporting the verdict. We initially note that in reviewing a challenge to the sufficiency of the evidence we view all the evidence, both direct and circumstantial, in the light most favorable to the verdict. We accept the evidence and inferences arising therefrom as true and will sustain the conviction if it is supported by sufficient evidence. *State v. Turner*, 623 S.W.2d 4, 6 (Mo. banc 1981), *cert. denied*, 456 U.S. 931, 102 S.Ct. 1982, 72 L.Ed.2d 448 (1982); *State v. Meyer*, 694 S.W.2d 853, 855 (Mo.App.1985). *See also State v. Brown*, 660 S.W.2d 694, 699 (Mo. banc 1983).

Victim had met Michael Catarniche at a bar. She invited Catarniche to a friend's party after the bar closed. The couple left the bar together to wait outside the friend's apartment. While they waited, appellant approached and requested Catar-

---

1. Presumably, when appellant refers to a motion for new trial she means a motion for judgment of acquittal after the verdict authorized by Rule 27.07(c).

2. Rule 30.04(a) requires a legal file contain a record of a motion for a new trial or other after-trial motion, if any.

niche drive her home because the person who was to give her a ride home was intoxicated.

Catarniche and appellant embraced and kissed. Victim instructed Catarniche to take appellant home. Appellant accused victim of trying to get rid of her. Appellant brandished a knife and advanced on victim. Victim struck appellant twice, knocking her to the ground. Catarniche took hold of victim's wrists and appellant stabbed her nine times. Appellant and Catarniche then fled the scene.

■ Appellant states the evidence establishes two equally valid inferences—that appellant either assaulted victim or acted in self-defense. Appellant contends that where the evidence is capable of "two equally valid inferences ... the evidence does not establish guilt beyond a reasonable doubt." *State v. Black,* 611 S.W.2d 236, 240 (Mo.App.1980). The federal constitutional requirement of establishing guilt beyond a reasonable doubt dictates the rule in the *Black* case take precedence over the usual standard for review in appeals alleging insufficient evidence to convict. *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). When confronted with two equally valid inferences, the trial court lacks power to convict and the appellate court must reverse.

Appellant unfortunately misconstrues the import of the rule of *Black.* The rule applies only to the state's evidence standing alone. In *Black,* the state relied on the defendant's statement that she "accidentally shot" or "accidentally killed" her husband as an admission of the act from which intent could be inferred. The court held the remarks equally could have implied an unintentional shooting and in the absence of any other proof of intent the state could not prove intent beyond a reasonable doubt. In the case of *In re K.S.R.,* 585 S.W.2d 208, 210 (Mo.App.1979), the state could not rely on evidence of a minor carrying several rings throughout a department store to prove intent to steal when such behavior could have been consistent with

an intent to purchase the goods. Finally, in *State v. May,* 689 S.W.2d 732, 736 (Mo. App.1985) the court held: "[P]rosecution medical evidence which shows without dispute that death of the victim could have been caused equally by accident or by the criminal act of the defendant does not suffice to prove the criminal act."

The state has two burdens regarding evidence in a criminal case: (1) the burden of production; and (2) the burden of persuasion. The state must produce evidence of all the elements of the crime. If the state fails to do so, the court must render a judgment of acquittal. Evidence which allows two equally valid inferences proves nothing and the state fails to meet its burden of production. Beyond producing evidence, the prosecution must persuade the finder of facts. *See generally* LaFave and Scott, Criminal Law § 8 (1972).

The state was required to produce evidence of all the elements and then persuade the jury as to each. The essential elements of assault under `§ 565.060 are "(1) knowingly or recklessly (2) causing serious physical injury to another person (3) by means of a deadly weapon or dangerous instrument." *State v. Dunlap,* 639 S.W.2d 201, 206 (Mo.App.1982). The defendant has the burden of injecting self-defense under § 563.031 RSMo (1978), but once he does so the state carries the burden of proving lack of self-defense as a necessary element of the offense. *State v. Carter,* 585 S.W.2d 215, 218 (Mo.App.1979).

■ After hearing all the evidence, the jury remains free to believe or disbelieve whatever it chooses. It is perhaps possible in the case at bar, as appellant argues, that the evidence of multiple stab wounds standing alone would give rise to two equally valid inferences, either an assault or an act of self-defense. This evidence alone could not sustain a conviction. However, the state produced additional evidence dispelling the latter inference. The victim, here testified that she was assaulted, thus supporting the state's burden of production. The jury rendered its verdict rejecting the defendant's version of the facts and accepting the prosecution's version. The jury has

the ability to decide which evidence possesses greater probative value. If this court were to accept appellant's argument then juries would become nothing more than scales to measure the weight of all the evidence. This court will not invade the province of the jury and deny the jury power to observe a witness's demeanor in determining veracity.

After reviewing the record and viewing the evidence in the light most favorable to the prosecution, we believe a rational trier of fact could have found the state established each of the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307 at 319, 99 S.Ct. 2781 at 2789, 61 L.Ed.2d 560 at 573 (1979). Accordingly, we affirm appellant's conviction.

SATZ, C.J., and CRIST, J., concur.