**Albert W. SCHLEICHER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 53160.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 1, 1988.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
April 15, 1988.

Application to Transfer Denied
June 14, 1988.

Mary C. McWilliams, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Presiding Judge.

Movant appeals denial of post-conviction relief after an evidentiary hearing.

The sordid facts regarding multiple charges, evidence, verdict and sentences may be found in *State v. Schleicher*, 639 S.W.2d 854 (Mo.App.1982). We repeat only that movant was tried jointly with a codefendant who was represented at trial by separate counsel.

In his motion, movant alleged generally ineffective assistance of counsel and specifically: (1) trial counsel failed to request a continuance when the state endorsed an expert witness on the first day of trial, (2) trial counsel objected to the state calling the late endorsed expert witness but failed to raise the issue on appeal, and, (3) trial counsel failed to object to testimony by the expert witness relative to rape trauma syndrome. The motion also included other claims for relief which were considered and rejected by the motion court, but are not preserved on appeal.

This appeal involves only claims of error by the motion court in rejecting allegations of ineffective assistance because defense counsel: (a) in failing to request a continuance after the state endorsed an expert witness on the day of trial, and, (b) failed to appeal the admission of evidence consisting of the testimony of the expert which concluded that the victim suffered from rape trauma syndrome.

The motion court considered these allegations as one, that the expert's testimony should not have been admitted. The court concluded as a matter of law that the evidence was admissible in 1981 when movant was tried. It was subsequently held inadmissible. *State v. Taylor*, 663 S.W.2d 235 (Mo. banc 1984).

Movant's trial counsel testified during the evidentiary hearing. He acknowledged receiving a copy of Dr. Amanat's report several hours before the witness was called to testify. He testified that he believed "we" requested a continuance. The reference of "we" apparently includes movant's counsel and counsel for movant's codefendant. The trial transcript indicates that movant's counsel objected to the testimony of Dr. Amanat as a witness based on the late endorsement and failure to tell what he was going to testify to. It also reflects that counsel for the codefendant requested a continuance in order to become more familiar with the Dr.'s preliminary report. As a matter of undisputed fact movant's first claim fails.

Trial counsel informed the motion court that, "[w]e did have time to review the report"; he was aware of the use of Rape Trauma Syndrome by the prosecution at that time; he was aware Dr. Amanat's stance as a witness who was being used on a regular basis for that diagnosis; such reports were not totally foreign to trial counsel. Trial counsel also considered that Dr. Amanat's report contained information beneficial to movant, "particularly that the complaining witness had complained of another separate rape by another individual relatively contemporaneous to Mr. Schleicher's incident." Trial counsel testified that he was aware that this type of evidence had been uniformly allowed and admitted by various trial courts both in the city and the county of St. Louis.

On this evidence the motion court found that defense counsel did request a continuance to have time to review the report; that he had time to review the report and prepare for cross-examination; that he was familiar with Dr. Amanat's work and testimony in the field; that he believed the law in Missouri at that time was that the testimony was admissible; that some of the testimony would be beneficial to the defense. These findings were supported by the evidence and not clearly erroneous. Rule 27.26(j); *Amsden v. State*, 699 S.W.2d 54, 56 (Mo.App.1985).

The testimony of trial counsel also supports a finding that movant is not entitled to relief on this claim because movant was not prejudiced by the decision to proceed with the testimony of the late endorsed expert witness. Under the state of the law at the time of trial the evidence was admissible and trial counsel was experienced in the area and prepared to proceed. The evidence supports a finding that trial counsel was neither ineffective for failure to

exercise the customary skill and diligence of a reasonable competent attorney under similar circumstances nor was movant prejudiced. *Strickland v. Washington,* 466 U.S. 668, 686–687, 104 S.Ct. 2052, 2063–2064, 80 L.Ed.2d 674 (1984). Counsel's performance is measured against the state of the law at the time of performance. *Hanson v. State,* 684 S.W.2d 337, 342 (Mo.App. 1984).

Movant's second subpoint is that counsel was ineffective for failure to appeal admission of the evidence of Dr. Amanat. This claim fails for several reasons. First, at the time the appeal was filed there was a general and reasonable belief among lawyers and judges that R.T.S. evidence was admissible. There was no authority in the state of Missouri that prohibited the use of such testimony before *State v. Taylor* was decided in 1984. Second, counsel made a strategic decision to develop the testimony in order to have the benefit of evidence which would be helpful to the defense—evidence of an unrelated contemporaneous claim of rape. This decision is entitled to support by a presumption of competence and casts upon the movant a burden to prove that the decision was not a matter of sound trial strategy. *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. at 2065. Trial counsel's explanation as to why he did not maintain an objection to the testimony of Dr. Amanat or appeal its use is supported by the state of the law at the time of trial, the presumption of competence, and a strategic decision to utilize the evidence for the benefit of movant. Absent a timely objection the admission of the evidence did not constitute a ground for appeal and the failure to appeal was not ineffective assistance of counsel.

Movant also alleges that there was no proper foundation for the expert testimony and it was not relevant to any material issue and unfairly bolstered the victim's testimony. The validity of these claims depends upon a finding of trial court error which is not reviewable in a post-conviction proceeding, *Wilhite v. State,* 614 S.W.2d 33, 35 (Mo.App.1981) or a hindsight review of the performance of trial counsel. The latter is not the proper measure for ineffec-tive assistance of counsel. *Hanson v. State,* 684 S.W.2d 337, 342 (Mo.App.1984).

The judgment of the motion court is affirmed.

SMITH and KELLY, JJ., concur.