STATE of Missouri, Respondent,

v.

James HOPKINS, Appellant.

No. 63248.

Missouri Court of Appeals,
Eastern District,
Division One.

April 19, 1994.

Bradley W. Cundiff, St. Peters, Susan Buche, St. Charles, for appellant.

Timothy A. Braun, Pros. Atty., Steven G. Kobal, Asst. Pros. Atty., St. Charles County, St. Charles, for respondent.

CRIST, Judge.

Defendant appeals his conviction for endangering the welfare of a child in the second degree and sentence as a persistent misdemeanor offender to one year imprisonment. We reverse.

On January 16, 1991, M.S., a student at Hardin Middle School, went to her friend C.P.'s house after school. Defendant lived with C.P.'s mother in the house. After doing homework, the two girls went with Defendant to drive around. Defendant purchased alcoholic beverages. Defendant continued to drive around, while all three of them drank alcoholic beverages. Defendant saw M.S. drink the alcohol and even handed her a beer.

Meanwhile, M.S.'s mother called the police when M.S. failed to return home. The police went to the home of C.P. at approximately 10 p.m. As they arrived, Defendant drove up with M.S. and C.P. Officer Kleinschmidt approached M.S. and observed she was intoxicated. Kleinschmidt then took M.S. home.

The State charged Defendant as a persistent misdemeanor offender with one count of endangering the welfare of a child in the second degree. The information charged:

[D]efendant knowingly encouraged, aided and caused [M.S.], a child less than seventeen years old, to engage in conduct which caused such child to come within the provisions of subdivision 2, of subsection (1) paragraph (d), Section 211.031, RSMo, such conduct of the child and [Defendant] consisting of this: consumption of intoxicating beverage, to-wit: beer and wine coolers, while defendant drove an automobile carrying the minor as a passenger.

A jury convicted Defendant. Defendant appeals.

Defendant argues on appeal the trial court erred in overruling his motion for acquittal and his motion for new trial because insuffi-

cient evidence existed to convict him. Defendant avers the State failed to meet its burden of showing he knew M.S. was under the age of seventeen.

We review the record solely to determine whether sufficient evidence exists for a reasonable person to conclude the defendant is guilty. *State v. Vitale,* 801 S.W.2d 451, 456[13] (Mo.App.1990). In determining the sufficiency of the evidence, we accept as true all evidence tending to prove the defendant's guilt and consider all reasonable inferences favorable to the verdict. *State v. Kalagian,* 833 S.W.2d 431, 435[12] (Mo.App.1992).

■ Section 568.050.1(2), RSMo Supp. 1993, provides:

A person commits the crime of endangering the welfare of a child in the second degree if:

  *  *  *  *  *  *

(2) He [or she] knowingly encourages, aids or causes a child less than seventeen years old to engage in any conduct which causes or tends to cause the child to come within the provisions of paragraph (d) of subdivision (2) of subsection 1 or subdivision (3) of subsection 1 of section 211.031, RSMo . . . .

The referenced section, § 211.031.1(2)(d), vests exclusive jurisdiction in the juvenile court when a child needs care and treatment because "[t]he behavior and associations of the child are otherwise injurious to his [or her] welfare or to the welfare of others . . . ."

Therefore, to support a conviction for violating § 568.050, the State has the burden of proving Defendant *knowingly* encouraged, aided, or caused a child less than seventeen years old to engage in conduct tending to injure his or her welfare. More importantly, the State must prove Defendant *knew* M.S. to be less than seventeen. *See,* § 562.021.1, RSMo 1986 ("prescribed culpable mental state applies to each such material element"); and *State v. Nations,* 676 S.W.2d 282, 284[5] (Mo.App.1984).

This court in *Nations,* 676 S.W.2d at 284–86, discussed the applicable definition of "knowingly," that is, when the State would have met its burden of showing a defendant knew a child was less than seventeen years. In that case, Nations was charged with endangering the welfare of a child when police discovered a sixteen-year-old girl was dancing for tips in her bar. The State argued its proof of Nations' wilful blindness to the child's age was sufficient to show Nations knew the child was under seventeen.

In rejecting that definition, this court noted the legislature failed to adopt the Model Penal Code definition of "knowingly" as "aware of a high probability" of a fact's existence. *Id.* at 285. That failure created the inference "that our legislature rejected the expansion of the definition of 'knowingly' to include wilful blindness of a fact and chose to limit the definition of 'knowingly' to *actual knowledge of the fact*." *Id.* (emphasis added); *See also,* § 562.016.3, RSMo 1986 (definition of knowingly). The court specifically found the State's burden includes proving the defendant "actually was aware the child was under seventeen, a heavier burden than showing there was a 'high probability' . . . ." *Id.*

■ Based on this definition, there is insufficient evidence in the record to show Defendant actually knew M.S. was under seventeen. M.S. and her mother both testified M.S. was only twelve at the time of the incident. However, no direct evidence was introduced regarding whether Defendant knew M.S. was under seventeen years old. Furthermore, insufficient indirect evidence exists from which a jury could reasonably infer Defendant knew M.S. was under seventeen. *See, State v. Clayton,* 823 S.W.2d 17, 18[3] (Mo.App.1991) (actual knowledge may be proven by reasonable inferences from indirect evidence). While Defendant may have lived with C.P.'s mother, there is no evidence Defendant even knew C.P.'s age. In fact, M.S. testified C.P. was "16 or 17," older than M.S. Further, no evidence was presented regarding M.S.'s appearance on the day in question.

The State encourages this court to find a presumption exists within the law that where a child is only twelve years old, then a defendant presumably knows the child to be under seventeen years old. Therefore, the State avers it has met its burden of proving Defen-

dant knew M.S. was under seventeen years old by merely introducing evidence of her age, and Defendant had the burden of rebutting that evidence by showing he did not know it.

In making its contention, the State points to § 566.020.2, RSMo 1986, which states:

> Whenever in this chapter the criminality of conduct depends upon a child's being under the age of fourteen, it is no defense that the defendant believed the child to be fourteen years old or older.

This statute generally applies to the statutory rape provision, § 566.030, RSMo 1986, and establishes strict liability for having sexual intercourse with "another person to whom he is not married who is less than fourteen years old." The State encourages this court to apply a similar strict liability provision in the case at hand.

We refuse to expand the provision of § 566.020.2 to the offense of endangering the welfare of a child in § 568.050. Our duty as an appellate court is merely to interpret the laws. The remedy requested by the State to reduce its burden of proof must be rectified by the legislature and "not by judicial redefinition of already precisely defined statutory language or by improper inferences from operative facts." *Nations,* 676 S.W.2d at 286 n. 9. The language of § 566.020 precludes its application in § 568.050.

Furthermore, § 568.050 clearly provides the State must prove, either directly or indirectly, Defendant knew M.S. was under seventeen years old. Even by accepting as true all evidence tending to prove Defendant's guilt and considering all reasonable inferences favorable to the verdict, the State has failed in its burden.

Judgment reversed.

CRANDALL, P.J., and REINHARD, J., concur.