**In the Interest of: T.L.G., Appellant,**

v.

**JUVENILE OFFICER, Respondent.**

**No. WD 49791.**

Missouri Court of Appeals, Western District.

June 7, 1995.

---

Elton W. Fay, Grimes, Fay & Gaeth, Columbia, for appellant.

Elizabeth K. Magee, Columbia, for respondent.

Before FENNER, C.J., and ELLIS and LAURA DENVIR STITH, JJ.

1. All statutory references are to RSMo 1994.

ELLIS, Judge.

On April 24, 1994, the Boone County Juvenile Officer filed a petition in Boone County Family Court in the interest of T.L.G., an eleven year old male, alleging he was in need of care and treatment pursuant to § 211.031.1(3).[1] The petition alleged T.L.G. committed the class D felony of "knowingly burning" in violation of § 569.055, by starting a fire and damaging playground equipment made of tires at an elementary school in Columbia, Missouri on or about December 29, 1993. On May 20, 1994, the Juvenile Officer filed an amended petition, alleging the same conduct as the original petition but with minor changes irrelevant to this appeal. A hearing on the amended petition was held by the Juvenile Division of the Boone County Family Court on June 17, 1994. The court found T.L.G. had committed the felony of "knowingly burning" during the Christmas break of December, 1993 to January, 1994[2], and made him a ward of the court in the custody of his maternal grandparents under supervision of the Juvenile Officer. T.L.G. appeals this decision.

T.L.G. raises three points on appeal, the first of which is dispositive. In Point I, he contends the juvenile court erred in finding he violated § 569.055 because the Juvenile Officer alleged he had "damaged playground equipment made of tires" but failed to meet the burden of proving damage to the property.

We will not reverse the judgement of the juvenile court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *In Interest of P.A.M.*, 606 S.W.2d 449, 453 (Mo.App.1980) (applying *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), to juvenile cases). We review the facts and reasonable inferences therefrom in the light most favorable to the trial court's order. *In Interest of L.W.*, 830 S.W.2d 885, 886 (Mo.App.1992).

2. The court's order specifically found that there was insufficient evidence to conclude the incident occurred on December 29, 1993.

Three witnesses testified on behalf of the Juvenile Officer. M.B.G., a fourteen year old male, testified that sometime during the Christmas break, he and T.L.G. set a fire on the playground at West Boulevard Elementary School. The playground has a jungle gym structure which sits on wood chips. M.B.G. testified they set a fire underneath the slide attached to the jungle gym by lighting some newspapers with a lighter T.L.G. had had in his pocket, and that they put the fire out before leaving by stomping on it. He testified that there was no damage to the playground equipment.

The incident was reported to the school principal by A.P., an eight year old girl, who testified she saw T.L.G. light matches in a tire. The school principal, Jim Hogan, testified that he learned of the incident on January 3, 1994, the first day of school after the Christmas break. He checked the playground area that day and found partially burned books of matches as well as singed newspaper and wood chips in a tire on the playground. However, he testified there was no damage to the playground equipment.

At the conclusion of the Juvenile Officer's case, the court overruled T.L.G.'s motion to dismiss, stating there was insufficient evidence to conclude the incident occurred on December 29, but that there was evidence to conclude that it occurred sometime during the Christmas break of December, 1993 to January, 1994.

T.L.G. then presented his defense. He testified that he did not play with M.B.G. at any time during the Christmas break because his mother would not allow him to play with M.B.G. He testified he specifically remembered December 29, 1993, because he had bought Legos from another boy, R.M., and was bitten by R.M.'s dog that day.[3] He testified he and R.M. had been at the playground but denied starting a fire. He also testified that as they started home, he and R.M. had seen M.B.G. and another boy walking toward the school.[4]

Section 211.031.1 gives the juvenile court exclusive original jurisdiction in proceedings involving a child who is alleged to have violated a state law or municipal ordinance. Where the basis upon which the juvenile court's jurisdiction is invoked rests upon the commission of a felony, "the burden is upon the petitioner to prove that fact beyond a reasonable doubt." *In Interest of P.A.M.*, 606 S.W.2d at 452; Rule 117.05(a). Thus, the Juvenile Officer had the burden of proving beyond a reasonable doubt each element of § 569.055, the class D felony which T.L.G. was alleged to have violated.

Section 569.055 provides:

1. A person commits the crime of knowingly burning or exploding when he knowingly damages property of another by starting a fire or causing an explosion.

2. Knowingly burning is a class D felony.

In his first point, T.L.G. contends the trial court erred in finding he violated § 569.055 because the Juvenile Officer alleged that T.L.G. "damaged playground equipment made of tires" but failed to meet the burden of proving, beyond a reasonable doubt, any damage to the property. "Knowingly damaging property" is an element of the offense with which T.L.G. is charged. However, no evidence was presented as to damage to the playground equipment. In fact, the witnesses all testified that the playground equipment was not damaged. Consequently, T.L.G. contends there was no substantial evidence to support the finding he had knowingly damaged property. " 'Substantial evidence' is evidence from which the trier of fact reasonably can find the issue in harmony with the verdict." *State v. Daleske*, 866 S.W.2d 476, 478 (Mo.App.1993). The evidence showed that a few wood chips had been singed. This is not "in harmony with the verdict" that T.L.G. "knowingly damaged playground equipment made of tires."

The Juvenile Officer claims the singed wood chips constituted damage to the playground equipment on the theory that because

---

**3.** T.L.G. testified that R.M. was unable to testify on his behalf because he was away at camp at the time of the June 17 hearing.

**4.** He hypothesized during his testimony that it was M.B.G. and the other boy who A.P. had seen lighting matches in a tire on the playground.

"wood chips soften a student's fall from the wooden structure, they are clearly part of the playground equipment." The Juvenile Officer cites two arson cases, *State v. Witham*, 281 S.W. 32, 34 (Mo.1926) (quoting Kelly's Crim. Law, § 602), and *State v. Kelso*, 617 S.W.2d 591 (Mo.App.1981), in which Missouri courts found that "if any part of the house, however trifling, be burnt, though the fire be afterward extinguished," it is arson. We find the suggestion that wood chips are equipment farfetched. In any event, in *Witham*, the evidence showed that "a hole was burned through the rug and carpet, and the floor was on fire" and that "[t]here were a number of charred places on the porch floor; some of them half an inch deep." *Id.* at 32–33. The holding in *Witham* was that the word "charred" fell within the meaning of "damage to property" under the arson statute.

In *Kelso*, the court held the witness's use of the term "heavily charred" to describe the damage to the property in that case was included in the definition of "damage to property" under the arson statute. In that case, the evidence showed that flammable liquid was directly applied to the exterior of the house and the house set afire, and that the exterior of the house had been "heavily charred." In fact, firemen had removed exterior boards from the fire to prevent flash fires, thus supporting the inference that the boards were at least smoldering, if not burning.

Both *Witham* and *Kelso* involved significant damage to property. And, both cases quote with approval Kelley's Crim. Law § 602:

> But where the boards of the floor were only "scorched black," but not burnt, and no part of the wood was consumed, this was held not sufficient [to constitute arson].

*Witham* at 34; *Kelso* at 594. In the case at bar, the only evidence was of "singed wood chips." By definition, the word "singe" means "to burn superficially or slightly." *Webster's New Twentieth Century Dictionary* 1694 (2d ed. 1979). It infers something far less than the wood being "scorched black," and clearly does not contemplate the wood being consumed by fire. Under these circumstances, we hold that there was insufficient evidence to establish beyond a reasonable doubt that T.L.G. caused any damage, much less "damage to playground equipment made of tires."

The judgment of the juvenile court is reversed.

All concur.