**STATE of Missouri, Plaintiff–Respondent,**

v.

**William HODGE, Defendant–Appellant.**

No. 68552.

Missouri Court of Appeals,
Eastern District,
Division One.

June 25, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 15, 1996.

Application to Transfer Denied
Sept. 17, 1996.

John M. Schilmoeller, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jill C. LaHue, Asst. Atty. Gen., Jefferson City, for Respondent.

KAROHL, Judge.

Defendant, William Hodge, appeals after verdict and sentencing as a prior and persistent offender for attempted burglary in the second degree. He was sentenced to serve seven years to run consecutively with a sentence he was serving as a result of parole revocation. He argues the state failed to

produce sufficient evidence from which a jury could conclude beyond a reasonable doubt that he damaged the roof above Imp's Bar with the intent to commit a stealing therein. The charge alleged a breaking-in with intent to steal. He concedes evidence of breaking-in and does not dispute proof by an available inference for an intent to steal. His contention is that the evidence supports an equally valid inference that he damaged the roof with the intent to vandalize the bar. We find the evidence sufficient to support defendant's conviction.

The evidence supporting the verdict was as follows. During the early morning hours of April 19, 1994, an unidentified caller notified St. Charles police officers of a suspicious person at a strip mall. An officer arrived at the scene and noticed a television antenna extending over an alley from the roof of Imp's Bar. The officer saw a person on the roof who appeared to be coiling a rope or wire. The officer ordered the individual not to move. The individual fled to the other end of the building. Two officers spotted another individual also on the roof. Both men were apprehended shortly after they came down from the roof.

Two metal air vents had been ripped out of the roof and overturned. Holes exposed by the removal of the two air vents led into air ducts to the bar below. Additionally, officers discovered the phone lines to the bar had been cut. In the interior of the bar, officers observed broken ceiling tiles. A representative of the bar found no items had been taken.

Defendant testified that his co-defendant met him early in the morning with the intent of going to Imp's Bar to vandalize the bar, not to burglarize it.

■ Defendant's sole argument on appeal contests the sufficiency of the evidence in a limited and particular way. He does not contest proof of the elements of attempted burglary, as submitted in the verdict directing instruction.[1] He argues the evidence

---

1. The amended information charged "William John Hodge ..., acting in concert with [another], broke open a hole in the roof of Imp's bar, and such conduct was a substantial step toward

the commission of the crime of burglary 2nd, and was done for the purpose of committing such burglary." The verdict directing instruction defined burglary as knowingly entering or

equally proved breaking in with intent to vandalize or intent to steal which invokes the doctrine that where there are two equally valid inferences, one tending to prove defendant's guilt, one of his innocence, guilt beyond a reasonable doubt is not established as a matter of law. *State v. Mayfield*, 879 S.W.2d 561 (Mo.App. W.D.1994).

Initially we note that this point on appeal was not adequately preserved. There is no mention of the point in defendant's motion for a new trial. The issue is not one of plain error. The argument is without merit. *Ex gratia*, we will decide the case on the merits.

■■■ When reviewing the sufficiency of evidence to support a conviction, we accept as true, all evidence favorable to the state, including all favorable inferences. *State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989). In determining whether sufficient evidence has been presented to support a conviction based on circumstantial evidence, appellate review is limited to "whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt." *State v. Grim*, 854 S.W.2d 403, 406 (Mo. banc 1993); *State v. Dulany*, 781 S.W.2d at 55.

Section 569.170 RSMo 1994 defines the elements of burglary in the second degree. To be guilty of burglary in the second degree, one must knowingly enter unlawfully or knowingly remain unlawfully within a building or inhabitable structure with the purpose of committing "a crime therein." The state charged defendant by amended information with the class D felony of burglary in the second degree. The underlying crime was not specified. One is guilty of burglary in the second degree if the structure is entered for the purpose of committing "a crime," not a specified crime.

The foundation of defendant's argument is that evidence which would support either of two equally valid inferences is insufficient to meet the state's burden of proof. In making this argument, he misapplies the doctrine. Defendant argues that the state failed to produce sufficient evidence from which a jury could find beyond a reasonable doubt that

unlawfully remaining in a building "for the pur-

defendant damaged the roof with the intent of stealing once inside the bar, as opposed to damage with the intent to vandalize. He does not contest that he was on the roof of Imp's Bar tearing off air vents to open holes to permit unlawful entry into the bar below. He testified he intended to damage the building, not steal from the bar. Therefore, he contends that the state failed in meeting its burden of proof because there was evidence the intended crime was either to steal or to vandalize.

■ The equally valid inference doctrine applies when the evidence supports two equally valid inferences, one of defendant's guilt, one of his innocence. *State v. Mayfield*, 879 S.W.2d 561 (Mo.App. W.D.1994); *State v. Black*, 611 S.W.2d 236 (Mo.App. 1980). In such a case guilt beyond a reasonable doubt is not established as a matter of law, and the trial court lacks the power to convict, and the appellate court must reverse. *State v. Gardner*, 737 S.W.2d 519 (Mo.App. E.D.1987).

■ The doctrine applies when the issue is sufficiency of the evidence to support any guilty verdict. At the core of its application is the legal conclusion that the defendant is entitled to a directed verdict because the evidence is insufficient to submit the case. The doctrine would apply when evidence would support a finding that either defendant or another, acting independently, committed the crime. The doctrine also applies when the state's evidence supports a finding defendant committed the crime, and the defendant has a legal defense to the charge. Furthermore, the doctrine applies when there is no credible evidence of some element of the charged crime. *State v. Mayfield*, 879 S.W.2d 561 (Mo.App. W.D.1994); *State v. Black*, 611 S.W.2d 236 (Mo.App.1980).

Defendant's argument is not supported by any authority. He does not contest that there was evidence to support a finding that he damaged the roof to enter the bar. Both his testimony and his argument confess his unlawful entry was with the intent to commit a crime. Thus, he concedes that the state proved the occurrence of the first element of

pose of committing stealing therein."

burglary, unlawful entry into a building. However, he contends the state proved either he intended to steal or to vandalize, thus, the equally valid inference doctrine should apply, and the proof of two intent crimes should be treated as proof of neither beyond a reasonable doubt.

The equally valid inference doctrine does not apply because defendant's argument relies on the concession that he was in the process of committing a burglary when apprehended by the police, either by entry to steal or entry to vandalize. He argues that the state proved both intent crimes because of equally valid inferences, thus, neither was proven. He does not contend the evidence of breaking into the building with the intent to steal was insufficient to meet the state's burden of proof on that theory. There was evidence to support the verdict. His argument acknowledges that there was proof of the facts submitted to the jury. Defendant has confused the doctrine which may define a submissible case with an argument based on the facts of the case for the trier of fact.

We affirm.

REINHARD, P.J., and GRIMM, J., concur.