In the Interest of V.F.S.,

V.F.S., Appellant,

v.

State of Missouri, Respondent.

No. 26387.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 27, 2005.

Roscoe H. Miller, Carthage, for appellant.

No brief filed for respondent.

KENNETH W. SHRUM, Judge.

The juvenile division of the McDonald County circuit court ("juvenile court") found V.F.S. guilty of delinquent conduct within the meaning of section 211.031.1(3).[1] The juvenile court sustained the juvenile officer's petition that alleged V.F.S. committed the class A misdemeanor of endangering the welfare of a child in the second degree (§ 568.050). V.F.S. appeals the juvenile court's judgment. § 211.261; Rule 120.01.[2] The sole issue on appeal is whether there was sufficient evidence to prove V.F.S. committed the alleged underlying crime. We reverse.

■■■ We will affirm a juvenile court's judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *In the Interest of D.M.Y.*, 892 S.W.2d 792, 793–94 (Mo.App.1995). In reviewing the sufficiency of the evidence, we view the evidence and the reasonable inferences drawn therefrom in the light most favorable to the judgment while disregarding all evidence and inferences to the contrary. *N.J.K. v. Juvenile Officer*, 139 S.W.3d 250, 259[14] (Mo.App.2004).

The petition filed with the juvenile court alleged that, on March 30, 2004, V.F.S. committed the crime of second-degree child endangerment when he "delivered some over the counter pills to another student which in turn caused a drug overdose which resulted to an admission to the hospital for emergency treatment." At the hearing on the petition, only one witness testified, Greg Leach. Leach was an assistant principal at the local high school at the time of this incident.

Leach's testimony filled only four pages of transcript. He stated that, on March 30, a coach told him that a student ("Victim") "told some girls he was under the influence of drugs, and was freaking out." Eventually, Victim told Leach "he had gotten—that [V.F.S.] had given him some pills." Leach called an ambulance and Victim was taken to the hospital.

V.F.S. told Leach: "Well, I gave him some—[Victim] gave me some money, I bought him some pills. I bought him Coricidin Cough & Cold and some Dramamine, and he took those this morning." At the conclusion of Leach's testimony, the attorneys presented arguments to the juvenile court.

V.F.S.'s lawyer moved for dismissal of the petition because the juvenile officer failed to prove (1) Victim was under seventeen years of age, (2) V.F.S. knew Victim's age, and (3) V.F.S. was aware that giving Victim over-the-counter medication would harm him. The juvenile officer's attorney responded as follows:

"Judge, I think just by the act of this—the Defendant asking for money to go buy drugs implies the fact that he knew this kid was going to take a bunch of drugs. And, very possibly, it goes from there that the logical progression of fact is that this kid is going to take a bunch of drugs and he very possibly could overdose. I think we have carried our burden of proof."

The judge ended the colloquy by saying: "Well, I don't know how you can't see if somebody asks you for drugs and you go

---

1. All statutory references are to RSMo (2000), unless indicated otherwise.

2. All rule references are to Supreme Court Rules (2004), unless stated differently.

buy some that they're not going to rub them in their armpit, they're going to take them." Thereon, the court sustained the juvenile officer's petition.

 In its "Order and Judgment of Disposition Regarding Delinquency/Status," the court noted it previously assumed jurisdiction over V.F.S. pursuant to section 211.031.1(3), i.e., the juvenile officer alleged V.F.S. violated a state law, namely, second-degree child endangerment (§ 568.050.1(2)). To adjudicate V.F.S. delinquent, the juvenile officer was required to adduce sufficient proof that he committed the underlying offense. *C.L.B. v. Juvenile Officer*, 22 S.W.3d 233, 236–37 (Mo. App.2000); *T.L.G. v. Juvenile Officer*, 900 S.W.2d 239, 241 (Mo.App.1995).

A person commits the crime of endangering the welfare of child in the second degree if he or she "knowingly encourages, aids or causes a child less than seventeen years old to engage in any conduct which causes or tends to cause the child to come within the provisions of [section 211.031.1(2)(d)]." § 568.050.1(2). Under section 211.031.1(2)(d), the juvenile court of a county retains exclusive jurisdiction over a child in that county who is found to be in need of care and treatment because "[t]he behavior or associations of the child are otherwise injurious to his or her welfare or to the welfare of others."

One element of the crime of second-degree child endangerment is proof that the accused actually knew that the child was under the age of seventeen. *State v. Hopkins*, 873 S.W.2d 911, 912 (Mo.App.1994). From this, it necessarily follows that another element requiring proof is that the child was actually under the age of seventeen.

Here, the most that can be said about Victim's age is that he was in high school. This fact does not prove that Vic-tim was under the age of seventeen. Moreover, there is absolutely no evidence indicating that V.F.S. knew Victim's age. Due to this failure of proof, the judgment must be reversed. *Id.*

The judgment of the juvenile court is reversed and V.F.S. is ordered discharged from the effects of that disposition.

BATES, C.J., and GARRISON, J., Concur.